Johnson, Adm., *v.* Johnson.

## JOHNSON, ADMINISTRATOR, ET AL. *v.* JOHNSON.

[No. 19,311. Filed May 17, 1901.]

APPEAL. — *Record.* — *Precipe.* — *Bill of Exceptions.* — *Certificate.* — Where the clerk was directed by precipe to prepare a transcript of certain papers and entries, not including the original bill of exceptions containing the evidence, and such bill of exceptions was, nevertheless, embodied in the transcript, and properly authenticated, the same would not be a part of the record and could not be considered. *pp. 593, 594.*

SAME. — *Transcript.* — *Clerk's Certificate.* — *Seal of Court.* — The certificate of the clerk to a transcript, without the seal of the trial court affixed, is of no effect for any purpose. *p. 594.*

SAME. — *Transcript.* — *Clerk's Certificate.* — The general certificate of the clerk should not precede or form a part of the bill of exceptions containing the evidence, but should be at the conclusion of the transcript, and authenticate the bill of exceptions containing the evidence, as well as all other papers and entries embraced in the transcript. *p. 594.*

EXECUTORS AND ADMINISTRATORS. — *Claims.* — *Pleading.* — *Evidence.* — Where an administrator is made a party defendant to answer as to the assignment of a note sued on, or the interest of the estate, the provision of §2479 Burns 1894, that all defenses except set-off and counterclaim can be proved by the administrator without answer, has no application. *pp. 594, 595.*

SAME. — *Administrator of Assignor Made Party.* — *Effect of General Verdict for Plaintiff.* — Where an administrator of an assignor is made a party to answer to the assignment of a note sued on, the effect of a general verdict for plaintiff would be a finding that the estate had no interest in the note. *p. 595.*

APPEAL. — *Error of Trial Court.* — *To Whom Available.* — No party can take advantage of an error committed by the trial court except the party against whom it was committed. *p. 595.*

INSTRUCTIONS. — *Verbal Inaccuracies.* — An instruction will not be held prejudicial to a party because of some verbal inaccuracies, if, when read in connection with other instructions given on the same subject, the law is fairly presented. *pp. 595, 596.*

From the Wells Circuit Court. *Affirmed.*

Johnson, Adm., *v.* Johnson.

*J. S. Dailey, Abram Simmons, F. C. Dailey* and *Foster Davis,* for appellants.

*A. N. Martin, W. H. Eichhorn* and *J. A. Hindman,* for appellee.

Monks, J.—Appellee brought this action against appellants on two promissory notes, signed by appellant James Johnson, payable to James N. Johnson. It was averred that "said promissory notes were assigned and transferred by said payee by delivery, for a valuable consideration to appellee, who is the owner thereof; that said James N. Johnson died, and afterwards, appellant Solomon Johnson was duly appointed administrator of his said estate, and he is made a party defendant to answer as to any interest said estate may have in said notes." Appellant James Johnson filed a plea of *non est factum* as to both of said promissory notes. Appellant Solomon Johnson, administrator, answered by a general denial. A trial by jury resulted in a verdict for appellee for $7,196.29, and over a separate motion by each appellant for a new trial a judgment was rendered for said sum against appellant James Johnson, and it was adjudged that the estate of James N. Johnson had no interest in said promissory notes. The errors assigned and not waived by a failure to argue the same, call in question the action of the court in overruling the separate motion of each appellant for a new trial.

It is first insisted by appellee that no bill of exceptions containing the evidence is in the record. Appellants filed a precipe as provided in §661 Burns 1894, §649 R. S. 1881 and Horner 1897, and designated what papers and entries the clerk should certify to this court. Only such papers and entries as are designated in said precipe are properly a part of the record on appeal. Said precipe did not direct or request the clerk to certify to this court said original bill of exceptions containing the evidence, in any manner. Under such conditions if said original bill of exceptions contain-

ing the evidence was embodied in the transcript, and properly authenticated, the same would not be a part of the record and could not be considered. *McCaslin* v. *Advance Mfg. Co.,* 155 Ind. 298, and cases cited; *Brown* v. *Armfield,* 155 Ind. 150.

Said bill of exceptions is not in the record and can not be considered for another reason. After the general certificate of the clerk that the "transcript contains true and complete copies of all the papers and order-book entries in the cause," there is attached to the transcript what purports to be an original bill of exceptions containing the evidence.

Two special certificates of the clerk of the trial court are attached at the close of the original bill of exceptions containing the evidence, but the seal of the trial court is not affixed to either of said certificates. Without such seal, said certificates are of no effect for any purpose. *Fidelity, etc., Union* v. *Byrd,* 154 Ind. 47; *Carpenter* v. *Schaeffer,* 154 Ind. 694; *Board, etc.,* v. *State, ante,* 550.

The general certificate of the clerk should not precede or form a part of the bill of exceptions containing the evidence, but should be at the conclusion of the transcript, and authenticate the bill of exceptions containing the evidence, as well as all other papers and entries embraced in the transcript. Ewbank's Manual, §117, p. 177, and cases cited.

Each appellant assigned the giving of instructions three, four, and seventeen, requested by appellee, as causes for a new trial. The evidence not being in the record, neither one of said instructions can be held erroneous if the same would be correct under any evidence that might have been given under the issues. *Wenning* v. *Teeple,* 144 Ind. 189, 194.

The part of instruction three objected to is as follows: "The said administrator, Solomon Johnson, has filed an answer of simple general denial to each paragraph of the complaint. The effect of the administrator's answer is simply to deny that the deceased James N. Johnson had assigned

the two promissory notes to the plaintiff, and nothing more." It is insisted that under the provisions of §2479 Burns 1894, §2324 Horner 1897, all defenses except set-off and counterclaim could have been proved by the administrator without answer, and that therefore this instruction was erroneous. Said §2479 (2324), *supra,* cited by appellants, is contained in the decedent's act, and refers to claims filed against estates and transferred to the docket for trial. This was not a claim filed against an estate, but the administrator of the estate of the assignor was made a party defendant as required by §277 Burns 1894, §276 R. S. 1881 and Horner 1897, to answer as to said assignment or the interest of the estate in the subject of the action. Said §2479 (2324), *supra,* has no application to this case.

By instruction four, the court said, in substance, that if the jury returned a general verdict for the plaintiff on either of the promissory notes, the effect would be a finding that the estate had no interest in such note. This instruction was not erroneous.

In the seventeenth instruction requested by appellee, the court called the attention of the jury to what it was their duty to consider in determining the weight they should give to the testimony of witnesses sought to be impeached. It is not shown by the record that it was sought to impeach any of appellant's witnesses. No party can take advantage of an error committed by a court except the one against whom it was committed. *Wiley* v. *Coovert,* 127 Ind. 559; Ewbank's Manual, §257, p. 365.

In this court every presumption is indulged in favor of the decision of the trial court, and the appellant must clearly show by the record the particular error or errors upon which he relies, and that they affect him. Even if said instruction was erroneous, as there is nothing in said instruction, or elsewhere in the record, showing that said error was committed against appellants, they cannot take advantage of it. But if it was shown by the record that evidence had been

given on the trial, tending to impeach some of appellants' witnesses, the giving of said instruction was not prejudicial, even against appellants, for the reason that, while there may have been some verbal inaccuracies in said instruction, yet when read in connection with the other instructions given on that subject the law was fairly presented to the jury, under the rule declared in *Deal* v. *State,* 140 Ind. 354; *Smith* v. *State,* 142 Ind. 288; *White* v. *State,* 153 Ind. 689, 691, 692. See, also, *Shields* v. *State,* 149 Ind. 395, 406, 407.

Judgment affirmed.