## R. G. Marcy Manufacturing Company *v.* Flint & Walling Manufacturing Company.

[No. 19,431.    Filed March 13, 1902.]

Appeal and Error.—*Record.—Precipe.—Bill of Exceptions.*—Where the clerk was directed by precipe "to prepare and certify a full, true, and complete transcript of the proceedings, papers on file, and judgment (except interrogatories filed with reply and answers thereto) to be used on appeal to the Supreme Court," what purports to be the original bill of exceptions containing the evidence certified by the clerk as a part of the record is not properly in the record, and cannot be considered.

From Adams Circuit Court; *D. D. Heller,* Judge.

Action by Flint & Walling Manufacturing Company against the R. G. Marcy Manufacturing Company to recover damages for the infringement of a trade-mark, for fraud and unfair competition in business, and to obtain an injunction. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellant.

*A. A. Chapin, W. P. Denny, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellee.

Dowling, J.—This action was brought by appellee to recover damages for an infringement of a trade-mark, for fraud and unfair competition in business, and to obtain an injunction. A trial of said cause resulted in a judgment in favor of appellee for damages and an injunction as prayed for. The errors assigned and not waived call in question the sufficiency of the second paragraph of the complaint and the action of the court in overruling appellant's motion for a new trial.

Appellant insists that the second paragraph of the complaint is not sufficient, because it alleges that the patents granted had expired, and it contends that the trade-mark could not be exclusive in the appellee after the expiration of

the patents; citing a number of authorities. It is expressly alleged in the second paragraph of the complaint that the patents had *not* expired. Therefore it is not necessary to determine the question of the correctness of the law as stated by the appellant, or whether the same is applicable to this case. The second paragraph is not open to the objection urged against it. But, even if this objection was well founded, the paragraph states a good cause of action for unfair competition in business.

The other questions in the case, which are presented by the motion for a new trial, depend for their determination upon the evidence. What purports to be the original bill of exceptions has been certified to the court as a part of the record. Appellant, by its attorneys, filed a precipe as provided in §661 Burns 1901, §649 R. S. 1881, and Horner 1901, and thereby directed the clerk of the court below "to prepare and certify a full, true, and complete transcript of the proceedings, papers on file, and judgment (except interrogatories filed with reply on March 30, 1899, for defendant to answer, and answers to said interrogatories by R. G. Marcy, filed April 5, 1899) in the above entitled cause, to be used on appeal to the Supreme Court." In *Chestnut* v. *Southern Indiana R. Co.*, 157 Ind. 509, it was held upon substantially the same facts as above stated that the original bill of exceptions was not in the record, and could not be considered. The original bill of exceptions not being in the record, there is nothing to support the causes assigned for a new trial.

Judgment affirmed.