## BERRY v. CHICAGO, INDIANAPOLIS AND LOUIS-VILLE RAILWAY COMPANY.

[No. 19,862.   Filed May 27, 1902.]

APPEAL AND ERROR.—*Transcript.*—*Precipe.*—Appellant directed the clerk by precipe to prepare a transcript of certain papers and entries, not including the original bill of exceptions containing the evidence, and the general certificate of the clerk did not refer to such original bill, nor did the transcript show a filing thereof. *Held,* that the evidence was not in the record, though what purported to be the original bill of exceptions containing the evidence was embodied in the transcript.

From Clark Circuit Court; *J. K. Marsh,* Judge.

Action by James H. Berry against the Chicago, Indianapolis & Louisville Railway Company for damages. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*H. W. Phipps,* for appellant.

*E. C. Field, W. S. Kinnan* and *M. Z. Stannard,* for appellee.

MONKS, J.—The only questions argued by appellant depend for their determination upon the evidence, which, appellee insists, can not be considered because not in the record.

Appellant filed a precipe as provided in §661 Burns 1901, §649 R. S. 1881, and Horner 1901, and designated what papers and entries the clerk should copy into the transcript and certify to this court. Said precipe did not request the clerk to certify the original bill of exceptions containing the evidence. The general certificate of the clerk to the transcript in no way embraces, identifies, or refers to said original bill of exceptions, nor is there any entry among the proceedings contained in the transcript showing that said bill of exceptions was ever filed with the clerk of the trial court, or in open court, after it was signed by the judge, as required

by §638a Burns 1901 (Acts 1897, p. 244). Immediately following what purports to be an original bill of exceptions is a special certificate that said bill was filed May 1, 1900, but the seal of the court is not affixed to said certificate.

It has been uniformly held by this court, upon substantially the same facts as those above stated, that the original bill of exceptions containing the evidence was not in the record, and could not be considered. *Chestnut* v. *Southern, etc., R. Co.,* 157 Ind. 509; *Marcy, etc., Co.* v. *Flint, etc., Co., ante,* 173; *Johnson* v. *Johnson,* 156 Ind. 592, 593, 594, and cases cited; *Carpenter* v. *Schaefer,* 154 Ind. 694.

As there is nothing in the record showing that any ruling of the trial court was erroneous, the judgment is affirmed.