## CITY OF ALEXANDRIA v. LIEBLER.

[No. 20,229.   Filed April 5, 1904.]

MUNICIPAL CORPORATIONS.—*Obstruction in Street.*—*Personal Injuries.*—*Complaint.*—In an action against a city for damages for personal injuries resulting to plaintiff from being thrown from a vehicle by reason of a row of blocks projecting above the surface of a street, it is unnecessary that the complaint aver that the blocks were not useful or necessary as a means of crossing the street, where it was alleged that the blocks were

"negligently and carelessly" placed and maintained in the street by the defendant. *p. 441.*

APPEAL AND ERROR.—*Precipe.—Transcript.—Bill of Exceptions.—Evidence not in Record.*—Where the clerk was directed by precipe to certify a transcript of certain designated papers and entries, including the bill of exceptions containing the evidence, and the clerk instead of making a transcript of the bill of exceptions certifies the original bill, the evidence is not in the record, and can not be considered on appeal. *pp. 441, 442.*

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Action by Valentine Liebler against the city of Alexandria. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. A. May,* for appellant.

*J. H. Edwards, W. F. Edwards, Thomas Bagot* and *C. K. Bagot,* for appellee.

JORDAN, J.—Appellee successfully prosecuted this action in the lower court to recover damages for personal injuries sustained by reason of the negligence of appellant in maintaining an obstruction in one of its streets.

The errors assigned and relied upon for reversal are: (1) Overruling the demurrer to the complaint; (2) overruling appellant's motion for a new trial.

The facts, as alleged in the complaint, may be summarized as follows: On July 2, 1901, and for many years prior thereto, the defendant was a municipal corporation, and during all of the time it was such corporation there was a public street within its corporate limits known as Broadway, which was generally accepted and used by the public for travel thereover. There was another street therein known as Sheridan avenue. These two streets intersected each other. On the said 2d day of July, 1901, and for many years prior thereto, the defendant, it is alleged, negligently and carelessly kept, maintained, and allowed to remain on and across said Broadway street, at

the point where said street intersected Sheridan avenue, an obstruction consisting of a row of wooden blocks. These blocks were about ten inches in diameter and two feet in length, and were securely sunk into the ground beneath the surface of the street to a depth of sixteen inches, and extended eight inches above the surface of the street, and were so placed and fixed as to constitute a dangerous obstruction to the use of said street by the public, and greatly endangered the life and limbs of persons traveling thereover in vehicles, all of which facts were well known to the defendant for a long time prior to the alleged accident. On the said 2d day of July, plaintiff (appellee herein) was traveling over the street in a one-horse vehicle, and when within one hundred feet of said obstruction the horse drawing said vehicle became frightened, and, by reason of said fright, ran along said street in the direction of said obstruction, the plaintiff all the time using his best efforts and endeavors to check and control the horse, and so to guide him that the vehicle would not come into contact with said row of blocks. Regardless of his best efforts and endeavors to control and stop the horse, and to avoid coming into contact with the obstruction, the horse, on account of his fright, ran the vehicle in which plaintiff was seated rapidly and with much force against said blocks, and the wheels thereof came into contact with said blocks, thereby stopping the vehicle and throwing it high into the air, by reason of which the plaintiff was thrown therefrom, with great force and violence, onto the hard surface of the street, and against said row of blocks, whereby he was greatly wounded, crippled, and maimed, his leg being broken, etc. A particular description of his injuries is given. It is charged that he received his injuries wholly and solely by reason of the negligence and carelessness of the defendant in placing, maintaining, and allowing said blocks to remain in said street as an obstruction thereof. It is further alleged that the horse which he was driving

City of Alexandria v. Liebler.

was ordinarily gentle and docile, and that he was frightened without any fault of the plaintiff, and that the latter exercised ordinary care for his own safety and welfare, and, to prevent injury to himself, he used and employed his best efforts and endeavors to manage and control said horse, and prevent his vehicle from coming into contact with said obstruction.

The only objection pointed out and urged against the sufficiency of the complaint by appellant's counsel is that it fails to disclose that the row of blocks in question were not useful and necessary to the street. Counsel for appellant contends that if the blocks were necessary and useful in muddy weather, to enable persons to cross the street, then appellant had the right to maintain them. But the complaint, as shown, charges that the defendant "negligently and carelessly" placed and maintained the blocks in the street; that they constituted a dangerous obstruction therein, and that the defendant allowed them to remain for a long time, with full knowledge that they rendered the street dangerous to persons traveling thereover in vehicles.

The burden was upon appellee to establish the negligence of which he complained, but certainly he was not required to allege in his complaint, in addition to the facts averred, that the blocks were not necessary and useful for the purpose of crossing the street. As to whether the pleading is sufficient in other respects, we do not determine. It is certainly manifest, however, that it is not open to the objection pointed out and urged by counsel for appellant. In support of its sufficiency in general, counsel for appellee cite the following cases: *Town of Fowler* v. *Linquist,* 138 Ind. 566; *Senhenn* v. *City of Evansville,* 140 Ind. 675; *Lake Erie, etc., R. Co.* v. *McHenry,* 10 Ind. App. 525; *City of Indianapolis* v. *Marold,* 25 Ind. App. 428; *Town of Odon* v. *Dobbs,* 25 Ind. App. 522.

The other and remaining grounds advanced and discussed by appellant's counsel for reversal depend upon the

evidence, which is not properly in the record, for the reason that the clerk of the lower court has, in violation of appellant's precipe, certified the original bill of exceptions embracing the evidence, together with the rulings of the court in respect to the admission and rejection of certain evidence, instead of a transcript thereof. It is disclosed that appellant filed a precipe, as provided by §661 Burns 1901, whereby it directed the clerk to certify a true and complete transcript of certain designated papers and entries, including the bill of exceptions, containing the evidence in the cause. The precipe is attached to, and made a part of, the record in this appeal. The clerk, instead of complying with appellant's express direction to make a transcript of the bill of exceptions embracing the evidence, upon the contrary, has certified up the original bill. That the latter, under the circumstances, is not a part of the record, and that neither the evidence embraced therein, nor the rulings of the court in admitting and rejecting certain evidence can be considered, is well settled. See *Johnson v. Johnson,* 156 Ind. 592; *Chestnut* v. *Southern Ind. R. Co.,* 157 Ind. 509; *Berry* v. *Chicago, etc., R. Co.,* 158 Ind. 668; *Marcy Mfg. Co.* v. *Flint & Walling Mfg. Co.,* 158 Ind. 173; *Drew* v. *Town of Geneva,* 159 Ind. 364; *Mankin* v. *Pennsylvania Co.,* 160 Ind. 447.

There being no error presented, the judgment is therefore affirmed.