163    445
165    50

163    445
f167    97

## Boos v. Lang.

[No. 20,313.  Filed May 24, 1904.  Rehearing denied October 28, 1904.]

PLEADING.—*Common Counts.*—*Money Had and Received.*—It is not necessary in a common count for money had and received to aver that there was an understanding that defendant was to hold such money for the plaintiff, nor that defendant received it in trust for plaintiff. The rule is settled that where one has received money which in equity and good conscience belongs to another a privity will be implied as well as a promise to pay. *p. 447.*

APPEAL AND ERROR.—*Bill of Exceptions.*—Where a precipe calls for a "transcript" of the record, and the clerk certifies the original bill of exceptions, it is not a part of the record and can not be considered. *Tombaugh* v. *Grogg,* 156 Ind. 355, overruled. *p. 448.*

From Wabash Circuit Court; *H. B. Shively,* Judge.

Action by Carl Lang against Jacob Boos. From a judgment for plaintiff, defendant appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*B. M. Cobb,* for appellant.

*U. S. Lesh, Eben Lesh, J. B. Kenner, A. H. Plummer* and *C. L. Lucas,* for appellee.

JORDAN, C. J.—Action below by appellee Lang against appellant and the Huntington Brewing Company *et al.,* for the recovery of money. The complaint was in four paragraphs. A demurrer, however, by appellant appears to have been sustained to all but the first, and the latter is the only paragraph to be considered in this appeal. On the issues joined, the cause was tried by a jury, and a verdict returned in favor of appellee against appellant for $3,000.

Appellant moved for a new trial, assigning the general statutory grounds therefor. Appellee also moved for a new trial as against the defendants other than Boos. Both motions were denied, and judgment was rendered on the verdict of the jury against appellant.

The errors assigned are: (1) the complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling the demurrer to the first paragraph of the complaint; (3) the court erred in denying the motion for a new trial.

The record as certified to this court is very much confused, and counsel for appellee contend that it is not shown that any demurrer was filed by appellant to the first paragraph of complaint. We will, however, pass this contention, and consider the sufficiency of this paragraph. The first paragraph was at least intended by the pleader as an ordinary count for money had and received, and while not a model pleading, nevertheless the facts therein averred render it sufficient on demurrer. It alleges that on November 14, 1901, the plaintiff sold and conveyed to the Huntington Brewing Company certain real estate situate in Huntington county, Indiana, for the sum of $45,000. Of this purchase money, it is alleged, the brewing company, through the defendants Hoch and Knipp, who were in control of said company, paid to the defendant Jacob Boos for the use of plaintiff, the sum of $5,714.24; that said Boos received said money, and thereafter plaintiff duly demanded of him that he turn it over to the plaintiff, all of which he refused to do, but, without right, claims said money as his own. Wherefore, etc.

Counsel for appellant argues that the complaint, under the facts as therein alleged, is not sufficient, principally for the reason (1) that it does not aver that there was any agreement or understanding that the said brewing company should place the said $5,714.24 in the hands of the defendant Boos for the use of plaintiff; (2) in not alleging that

the brewing company had any authority to pay the money to Boos, or that he consented to receive it in trust for the plaintiff. There is no merit in either of these contentions.

As previously asserted, the pleading is but a common count for money had and received, and there is no attempt therein to show that appellant received the money either as a trustee, bailee, or agent. The facts, as alleged, substantially show that the money in question was paid to and received by him for the use of the plaintiff. The rule is well affirmed that where one is shown to have received the money of another, and has not the right in equity or good conscience to retain it, in an action to recover it by the true owner a privity will be implied between him and the receiver, as well as a promise to pay. In fact the general rule, as affirmed by the authorities, is that an action for money had and received will lie where the facts show that the defendant has received money which *ex aequo et bono* belongs to the plaintiff, whether there be a privity or not between the parties. *McFadden* v. *Wilson* (1884), 96 Ind. 253, and authorities there cited; *Moore* v. *Shields* (1889), 121 Ind. 267, and cases cited; *Field* v. *Brown* (1896), 146 Ind. 293. The gist of the action upon an ordinary or common count for money had and received is the receipt of the money by the defendant for the use of plaintiff. *Alexander* v. *Gaar* (1860), 15 Ind. 89; *Spears* v. *Ward* (1874), 48 Ind. 541; *Hunt* v. *Milligan* (1877), 57 Ind. 141, 143.

It is next insisted that the evidence does not sustain the judgment. At this point we are confronted with the contention of counsel for appellee that the evidence is not properly in the record, for the reason that the clerk of the lower court has certified up the original bill of exceptions, instead of a transcript thereof, as requested and ordered by the appellant. This is verified by the record. Appellant appears to have filed with the clerk a precipe as provided by §661 Burns 1901. The precipe was in two

paragraphs. By the first the clerk was directed to make "a full, true, and complete transcript of all the proceedings, papers on file, and judgment." By the second he was directed and requested to "prepare and certify a full, true, and complete transcript of the proceedings, papers on file, judgment, order-book entries; including, first, plaintiff's complaint; second, summons," etc. Here follows numerous specifications in respect to papers and documents which the clerk is directed to transcribe, the last of which is "the bill of exceptions containing the evidence." In no manner by the precipe is the clerk directed or requested to certify the original bill of exceptions embracing the evidence, but on the contrary, he is directed to make and certify a transcript thereof. The clerk has not complied with the direction or order of appellant in this respect, but has certified the original bill. It has been repeatedly held by this court under similar facts, that the evidence was not properly in the record, and could not, therefore, be considered. *Johnson* v. *Johnson* (1901), 156 Ind. 592; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509; *Marcy Mfg. Co.* v. *Flint, etc., Mfg. Co.* (1902), 158 Ind. 173; *Berry* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 668; *Drew* v. *Town of Geneva* (1902), 159 Ind. 364; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447; *City of Alexandria* v. *Liebler* (1904), 162 Ind. 438.

Counsel for appellant, however, contends that, inasmuch as the original bill containing the evidence has been certified and incorporated into the transcript, we must, under the circumstances, presume, in the absence of anything to the contrary, that the clerk certified the bill in compliance with some oral request made by appellant. In support of this contention we are referred to *Tombaugh* v. *Grogg* (1901), 156 Ind. 355. It is true, there is language used in that case (on page 358) which might be said to sustain the contention of appellant's counsel, but the holding in that appeal on the point in question is at variance with the

decisions of this court, both prior and subsequent thereto, and, under the circumstances, it must be deemed or considered at least to be impliedly overruled or modified by the later decisions of this court. It may properly be said that in a case on appeal to this court, where the original bill of exceptions containing the evidence is certified up and incorporated into the record, and there is nothing to show that appellant directed or requested the clerk to prepare and certify a transcript thereof, we may then, under such circumstances, properly assume that the clerk certified up the original bill at the instance or request of the appealing party, and it may be regarded and considered as a part of the record. But in the case at bar we can not indulge in this presumption, because it affirmatively and positively appears from the precipe which is attached to and made a part of the transcript that appellant directed the clerk to prepare and certify a transcript of the original bill. With this direction or order the clerk has failed to comply. Under the circumstances, he was not authorized to certify the original bill. Therefore the evidence embraced therein is not properly before us, and none of the questions depending thereon can be considered.

Finding no available error, the judgment is affirmed.