WORKMAN ET AL. *v.* STATE, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF OWEN.

[No. 20,525. Filed March 28, 1905. Rehearing denied June 1, 1905.]

1. PLEADING.—*Complaint.—Officers.—County Auditors.—Illegal Fees.—Recovery.—*A complaint, by the board of commissioners against a county auditor for the recovery of money due the county, in which it is alleged that such auditor collected the full

amount of his salary and in addition thereto collected and wrongfully retained certain amounts, a detailed account of which is filed with such complaint, is sufficient on demurrer, where any of such items so set out are wrongfully withheld.   p. 45.

2.   OFFICERS.—*County Auditors.—Fees.—Ownership.—Liability on Official Bond.*—Under §§6521, 6530 Burns 1901, Acts 1895, p. 319, §§115, 124, the fees collected by the county auditor belong to the county, and if not paid over to the county there is a breach of such auditor's official bond.   p. 46.

3.   APPEAL AND ERROR.—*Statutes.—Transcript.—Precipe.—Oral Request.*—Under §661 Burns 1901, §649 R. S. 1881, the appellant, by a written precipe or an oral request, can require the clerk to furnish a complete transcript for appeal.   p. 47.

4.   SAME.—*Statutes.—Transcript.—Precipe.*—Under §661 Burns 1901, §649 R. S. 1881, the appellant by a written precipe can require the clerk to furnish specific parts of the record for an appeal, and in such case only the parts set out in the precipe can be considered on appeal.   p. 49.

5.   SAME. — *Statutes. — Transcript. — Precipe.* — Under   §638a Burns 1901, Acts 1897, p. 244, the appellant has the right to request the original bill of exceptions to be included in the transcript, but if the request is for a "transcript" and the original bill is certified up, it constitutes no part of the record.   p. 49.

6.   SAME.—*Statutes.—Repeal.*—The act of 1903 (Acts 1903, p. 338, §7) concerning civil procedure does not repeal §661 Burns 1901, §649 R. S. 1881.   p. 50.

7.   SAME.—*Statutes.—Transcript.—Precipe.—Oral Request.*—By §7 of the act of 1903 (Acts 1903, p. 338), where the appellant requests either orally or in writing a complete transcript, or where he requests either the original bill of exceptions or a transcript thereof certified, and the clerk certifies the original bill of exceptions, such bill is a part of the record.   p. 51.

8.   SAME.—*Statutes.—Transcript.—Precipe for Part of Record.*—Under §661 Burns 1901, §649 R. S. 1881 and Acts 1903, p. 338, §7, the appellant may require the clerk, by a written precipe, to furnish specific parts of the record for use on appeal, and such parts only as are called for in such precipe can be considered on appeal, such precipe being itself a part of the record by both of such acts.   p. 51.

9.   SAME.—*Transcript.—Precipe for Part of Record.*—Where appellant in his written precipe, calling for specific parts of the record, fails to include the bill of exceptions, such bill, though included in the transcript furnished, is not a part of the record and can not be considered.   p. 52.

10.   SAME.—*Bill of Exceptions.—New Trial.*—Error in the overruling of a motion for a new trial can not be considered in the

absence of a bill of exceptions containing the evidence, where its determination depends upon the evidence.   p. 52.

11.   APPEAL AND ERROR.—*Bill of Exceptions.*—*Motion to Modify Judgment.*—Where the finding is general, error in overruling a motion to modify the judgment can not be considered in the absence of a bill of exceptions containing the evidence.   p. 52.

From Owen Circuit Court; *David E. Watson,* Judge *pro tem.*

Action by the State of Indiana, *ex rel.* Board of Commissioners of the County of Owen, against Joseph B. Workman and others.   From a judgment for plaintiff, defendants appeal.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*Willis Hickam,* for appellants.
*Thomas G. Spangler,* for appellee.

MONTGOMERY, J.—This action was brought by appellee upon the official bond of appellant Joseph B. Workman, as auditor of Owen county, and the other appellants as his sureties, to recover certain fees and allowances of money received by said Workman as such auditor, and not accounted for or paid over to the county or to his successor in said office.   The complaint was held sufficient as against appellant Workman's demurrer, and the issues were closed by an answer in general denial, with an agreement that proof of any legal defense might be given thereunder without a special plea.   The cause was tried by the court without a jury, and resulted in a finding and judgment for appellee in the sum of $1,055.92, which judgment, upon appellant Workman's motion, was modified and reduced to $991.19. Appellant Workman's motion for a new trial was overruled, and an exception duly saved.

The assignment of errors calls in question the correctness of the court's action in overruling the demurrer to the complaint, in its refusal to sustain completely the motion to modify the judgment, and in overruling the motion for a new trial.

The complaint charges in substance that appellant Joseph B. Workman was the duly elected, qualified and acting auditor of Owen county for a term of four years from the 6th day of November, 1895; that, before entering upon the duties of the office, he executed an official bond with sureties named, which was duly approved, a copy of which is filed with the complaint; that on the 6th day of November, 1899, he turned said office over to his duly elected and qualified successor, and that it was thereupon his duty to pay over to his successor, or to the person authorized to receive the same, all moneys received by him as such auditor and then held by him; that of all moneys received by him for services rendered as such auditor during said term he was entitled to retain as pay for his services the sum of $1,900, and no more, for each year, or an aggregate of $7,600 for the whole period of his service; that it was his duty to receive and hold in trust for said county all moneys paid to him for services rendered said county during said term, and upon each successive quarter-year day, beginning with the first Monday of December, 1895, and successively thereafter on the first Mondays in March, June, September and December, as such days should occur, to pay over to the treasurer of said county all such moneys received by him during the preceding quarter year; and particularly was it his duty at the expiration of said term of office to account for and pay over to the person lawfully entitled to receive the same all sums of money received by him as such auditor for his official services during said term which might then remain in his hands; that said Workman, during his term of office as such auditor, taxed and collected as fees allowed him by law for services rendered divers persons transacting business with said office the sum of $857.80, and of said amount he paid over to the treasurer of said county the sum of $795.80, and no more, retaining thereof $62, which sum he neglected and refused to pay over to said treasurer, or to any other person, and

still wrongfully retains and refuses to pay over. Then follow in detail specific allegations, with full bills of particulars, of divers sums received by him for services as auditor during said term, and wrongfully retained, in all aggregating $3,660.23. It is further charged that he had received his full salary of $7,600 for services during said term, and that said sum of $3,660.23 was received and retained by him in addition to the sum paid as salary, and that said amount of $3,660.23 rightfully belongs to the county of Owen, and that said Workman ought to account for and pay over the same to the relator; and that, although his term of office had long since expired, he has wholly neglected and refused to pay said sum, or any part thereof, to the relator, or to any person authorized to receive the same, although lawful demands were often made upon him to do so.

No substantial defect in this complaint has been pointed out by appellant Workman's counsel. He says in argument: "We submit that this allegation alleges nothing but a simple conclusion from facts not stated, and which is not sufficient. If the pleader had alleged that Workman's salary was $7,600, and that during his term of office he had been allowed the sum of $11,260.23, and that he still held and refused to pay back the excess—$3,660.23—the complaint would have possibly been sufficient in that particular." The allegations of the pleader are founded upon detailed facts, and are sufficient in our opinion. If it be conceded that some items in the bill of particulars would not sustain a recovery, it must, on the other hand, be readily admitted that many items, taking the allegations as true, clearly show a right of action in the relator.

Section 6521 Burns 1901, Acts 1895, p. 319, §115, provides: "The auditors of the various counties of this State shall on behalf of their respective counties, tax and charge upon the proper books to be kept for that purpose in their respective offices, the fees and

amounts provided by law, on account of services performed by said auditors.   The fees and amounts so taxed shall be designated 'auditor's costs,' but they shall in no sense belong to, or be the property of the auditor, but shall belong to and be the property of the county."   Section 6530 Burns 1901, Acts 1895, p. 319, §124, requires county auditors on the first Mondays of March, June, September and December of each year to make a sworn report in writing showing the amount of fees collected during the preceding three months, and to pay the same over to the county treasurer.   Under the provisions of these statutes the "fees" collected by appellant Workman as auditor of Owen county belonged to and were the property of the relator, and it was his official duty when said fees were collected to pay the same to the county treasurer upon the dates specified in the law.   He is charged with a failure to pay over fees collected by him for services as auditor, and such failure constitues a breach of his official bond, for which he and his sureties are clearly liable.   *Harmon* v. *Board, etc.* (1899), 153 Ind. 68; *Legler* v. *Paine* (1897), 147 Ind. 181; *Shilling* v. *State, ex rel.* (1902), 158 Ind. 185; *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446.   There was no error in overruling appellant's demurrer to the complaint.

Appellant Workman insists that the motion for a new trial should have been sustained for the reasons that the amount of recovery is too large, the decision of the court is not sustained by sufficient evidence, and is contrary to law.   Appellee contends that the bill of exceptions is not in the record, and in its absence no question raised by the motion for a new trial can be determined.

3.

Appellant Workman filed with the clerk of the court below a written precipe for a transcript, which, omitting the title and signature, is in the following words:   "The clerk will issue to the defendants a transcript in the above-entitled cause for appeal to the Appellate Court of Indiana, includ-

ing copy of complaint, summons and sheriff's return of summons, defendants' motion to strike out parts of complaint, court's ruling on motion to strike out parts of complaint, demurrer to complaint, court's ruling on demurrer to complaint, answer in general denial, and agreement of parties that all legal defenses may be made under the general denial without further answer, record of trial, judgment, motion for new trial, defendants' motion to modify judgment, prayer for appeal, and order granting same, appeal bond and approval thereof, order granting time to file all bills of exceptions, vacation order showing filing of bills of exceptions." The clerk certifies "that the above and foregoing transcript contains full, true and correct copies of all papers and entries in said cause required by the above and foregoing precipe, and also includes the original general bill of exceptions signed and made a part of the record by the court, containing the original, verbatim, longhand report of the stenographer of all of the evidence given and proceedings had upon the trial of said cause as filed, certified and made a part of the record." It is apparent that the precipe did not call for either the original bill of exceptions or a copy thereof, but the clerk, without any direction, so far as shown, attached and certified the original bill of exceptions containing the evidence; and the objection raised requires us to determine whether the bill of exceptions is properly before us as a part of the record.

Section 661 Burns 1901, §649 R. S. 1881, reads as follows: "Upon the request of the appellant, or upon being served with notice as aforesaid, and, in either case, upon the payment of the proper fee, the clerk shall forthwith make out and deliver to the party, at his request, or transmit to the Clerk of the Supreme Court, a transcript of the record in the cause, or so much thereof as the appellant, in writing, directs, certified and sealed, to which shall be appended the written directions of the appellant above con-

templated, if any." This statute has been frequently construed by the court, and its meaning was well understood prior to the meeting of the General Assembly of 1903. If a party desired a complete transcript of a cause for appeal, under this statute the clerk was required to furnish it, upon either a written or oral request. *Reid* v. *Houston* (1874)ᵗ 49 Ind. 181; *Barnes* v. *Pelham* (1897), 18 Ind. App. 166; *Rutherford* v. *Prudential Ins. Co.* (1904), 32 Ind. App. 423.

If a party did not desire a complete transcript, but only a part of the record and papers in a cause, then the statute in plain terms provided that the clerk should furnish 4. "so much thereof as the appellant, in writing, directs, * * * to which shall be appended the written directions of the appellant above contemplated, if any." When the appellant filed a written precipe for a transcript of specific parts of the record and files, it was well settled that only such papers and entries as were enumerated in such precipe were properly a part of the record on appeal. And any paper or entry not mentioned in such precipe would not become a part of the record on appeal although copied and embraced in the transcript and certified by the clerk, but would be disregarded. *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298; *Brown* v. *Armfield* (1900), 155 Ind. 150; *Johnson* v. *Johnson* (1901), 156 Ind. 592; *Allen* v. *Gavin* (1892), 130 Ind. 190; *Reid* v. *Houston* (1874), 49 Ind. 181.

The act of March 8, 1897 (Acts 1897, p. 244, §638a Burns 1901), provides: "It is hereby made the duty of the clerk of any trial court, when requested to do so 5. by the party appealing, to embrace in the transcript such original bill of exceptions instead of a copy thereof." It was uniformly held by this court in construing that act that where a party desiring to appeal, in his precipe requested a transcript of the bill of exceptions containing the evidence, and the clerk thereupon attached to

the transcript and certified the original bill without copying the same, the evidence was not properly in the record. *Boos* v. *Lang* (1904), 163 Ind. 445; *City of Alexandria* v. *Liebler* (1904), 162 Ind. 438; *Drew* v. *Town of Geneva* (1902), 159 Ind. 364; *Marcy Mfg. Co.* v. *Flint & Walling Mfg. Co.* (1902), 158 Ind. 173; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509.

The General Assembly of 1903 (Acts 1903, p. 338), with this understanding of the law, passed "an act concerning proceedings in civil procedure," section seven of which reads as follows: "That in case an original bill of exceptions shall be incorporated into the transcript of the record of any cause on appeal to the Supreme Court or the Appellate Court, such original bill of exceptions shall, in every case, constitute and be considered as a part of such transcript, the same as if copied therein by the clerk, whether such original bill or a copy thereof be specified in the precipe, or otherwise directed to be incorporated into such transcript.  Any party or person desiring a transcript of the record of any cause or proceeding, or of any part thereof, for appeal, may file with the clerk a written precipe therefor.  If such party or person desire a transcript of the entire record, it shall be sufficient to so state in the precipe; if a complete transcript be not desired, then such party or person shall indicate in the precipe the parts of the record desired.  And in the event that any other party to the judgment shall desire a complete transcript of the record upon such appeal, or that any part or parts of the record not required by the precipe so filed shall be included in the transcript, he may file with the clerk his precipe in like form.  Such precipe shall constitute a part of the record, and in obedience thereto the clerk shall include in the transcript every paper and entry in the cause thereby requested to be included, and every paper and entry by this act declared to be a part of the record shall be considered by the Supreme Court or the

Appellate Court on appeal, when so included in the transcript, the same as though the matter had been made a part of the record by a bill of exceptions. The precipes shall be copied in the transcript immediately before the certificate of the clerk, and the certificate of the clerk shall be in substantially the following form: State of Indiana, County of ———— ss: I, ————, clerk of the ———— Circuit Court within and for said county and State, do hereby certify that the above and foregoing transcript contains full, true and correct copies, or the originals, of all papers and entries in said cause required by the above and foregoing precipe (or precipes). Witness my hand and the seal of said court, at ————, this ———— day of ————, 190—. ————, clerk." Section nine expressly provides that this act shall not repeal the act of March 8, 1897, *supra.* The act of 1903 did not repeal §661 Burns 1901, §649 R. S. 1881. *Rutherford* v. *Prudential Ins. Co., supra.*

The evident purpose of section seven of the act of 1903, with regard to the point under consideration, was to make the original bill of exceptions when embraced in and 7. certified with the transcript on appeal a part of the record in all cases when by written precipe a party had requested the clerk below to certify either the original or a transcript thereof, and also when a party had requested, either orally or in writing, a complete transcript of the cause.

It is still the right of a party desiring to appeal to take up a part only of the record of a cause, and in such case he must file with the clerk a written precipe specifying the parts of the record desired. When a party 8. elects to exercise this right and directs in writing specifically what papers and entries shall be transcribed and certified for appeal, the fault is his if he fails to secure such a transcript as will fully and clearly present all the questions which he desires the court to review and decide. It follows that if, in his precipe, he omits papers or entries

essential to a consideration of any question, his appeal will be so far unavailing. The precipe when in writing is a part of the record under both the act of 1903, *supra,* and §661, *supra,* and the clerk can only properly certify and authenticate such parts of the record as are designated in the precipe or precipes of the parties.

In this case appellant Workman wholly omitted in his precipe any reference to the bill of exceptions, and failed to direct the clerk to certify either the original or a transcript thereof, and under these circumstances the bill of exceptions cannot be made a part of the record by the act of the clerk in embracing and certifying it with the transcript.

The evidence, therefore, is not in the record, and we are unable to say that the court erred in overruling the motion for a new trial. *McCaslin* v. *Advance Mfg. Co., supra; Johnson* v. *Johnson, supra.*

The finding of the court was general, and, in the absence of the evidence, we can not determine the merits of the motion to modify the judgment.

No error appearing in the record, the judgment is affirmed.