## BOOLS *v.* INDIANAPOLIS & EASTERN RAILWAY COMPANY.

[No. 6,129. Filed April 7, 1908. Rehearing denied May 15, 1908.]

APPEAL.—*Bills of Exceptions.—Precipe.—Clerk's Certificate.—Instructions.—Exceptions.*—Where appellant's precipe calls for a full, true and complete transcript, "omitting bill of exceptions number one," and the clerk's certificate shows that the transcript contains complete copies of all the papers and entries "except the bill of exceptions number one," such bill of exceptions cannot be deemed a proper part of the record, though it was apparently contained in such transcript; and exceptions to instructions shown therein cannot be considered.

From Henry Circuit Court; *John M. Morris*, Judge.

Action by Frank Bools against the Indianapolis & Eastern Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Forkner & Forkner*, for appellant.
*William A. Brown, Binford & Walker* and *W. H. Latta*, for appellee.

MYERS, J.—This action was brought by appellant against appellee in the Hancock Circuit Court to recover damages for a personal injury. The venue was changed to the Henry Circuit Court, where the cause was submitted to a jury, resulting in a verdict and judgment in favor of appellee.

The overruling of appellant's motion for a new trial is assigned as error. Under this assignment appellant seeks to present for our consideration certain instructions requested by appellee and given by the court, and a certain instruction requested by appellant and refused by the court. Appellee earnestly insists that no question pertaining to these instructions is properly before us.

In the transcript will be found the instructions asked by each party and those given by the court of its own motion. All appear to have been filed, but unless a certain bill of exceptions, designated as number one, can be said to have been properly included in the transcript, it does not appear that any exception was taken by the appellant to the giving or the refusing to give any instructions. Immediately preceding the clerk's certificate at the end of the transcript will be found a precipe, the body of which is as follows: "The clerk will make a full, true, and complete transcript of the record, judgment and all papers and proceedings in the above-entitled cause for the purposes of an appeal to the Appellate Court, certifying therein the original bill of exceptions containing the evidence, and omitting bill of excep-

tions number one.'' The clerk's certificate to the transcript certifies ''that the above and foregoing transcript contains a full, true and complete and correct copies of all or the original papers and the entries in said cause, except the bill of exceptions number one, required by the above and foregoing precipe,'' etc. With this state of the transcript it cannot be said that the clerk has certified that the transcript contains a full, true and correct copy of the bill of exceptions or the original bill. And while we are disposed to disregard technicalities, we are not at liberty to ignore the clerk's certificate to the transcript thus brought to our attention. True, in the transcript, and outside of the bill of exceptions, may be found the instructions, but it does not appear that any exception to the action of the court pertaining to them was saved. This court is dependent upon the clerk's certificate for assurance of the completeness, truth and correctness of the record on appeal. It is the certificate of the clerk that gives verity to the record on appeal. His certificate should authenticate and not except from the authentication bills of exceptions to which our attention is to be directed. While it does not appear from any record entry that the precipe was filed, yet the clerk's certificate refers to and adopts it as a precipe, and this has been held to be a substantial compliance with the statute. *Pittsburgh, etc., R. Co.* v. *Reed* (1905), 36 Ind. App. 67.

The record discloses what purports to be two bills of exceptions. The first is designated in the order-book entry relating to its filing, and in the bill itself, as number one, and the other a bill containing the evidence. Section 667 Burns 1908, Acts 1903, p. 338, §7, furnishes a form of certificate when a precipe is filed, and provides that ''the certificate of the clerk shall be in substantially'' that form. Even if we should regard the precipe as not controlling the clerk, yet his certificate expressly excludes from among the copies and originals in the transcript the bill of exceptions

containing the instructions. This peculiarity of the record pointed out by appellee prevents this court from considering the exceptions to the action of the court attacked in appellant's brief.

Judgment affirmed.