## GUYNN ET AL. *v.* NEWMAN.

[No. 21,398.   Filed February 2, 1910.   Rehearing denied April 22, 1910.]

1. RECEIVERS.—*Interlocutory Orders Appointing.—Appeal.—Complaint.—Amendments.*—Though an appeal has been taken from an interlocutory order appointing a receiver, the cause is still pending in the lower court; and such order will not be reversed merely because the complaint does not state sufficient facts to authorize such appointment, since the evidence may show sufficient cause.   p. 162.

2. APPEAL.—*Record.—Precipe.—Papers not Included in.—Bills of Exceptions.*—Where a precipe calls for "a transcript of all the record entries made in the case" and for "all the papers and pleadings filed in the case, except bill of exceptions," the original bill of exceptions included in the transcript and properly certified by the clerk, does not constitute a part of the record and cannot be considered.   p. 163.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Suit by William A. Newman against Katherine M. Guynn and another. From an interlocutory decree appointing a receiver, defendants appeal. *Affirmed.*

*D. F. Brooks*, for appellants.

*Sayre & Hunter*, for appellee.

MONKS, J.—This is an appeal from an interlocutory order appointing a receiver upon application of appellee. Appellants filed a general denial to the complaint and appeared by attorney at the hearing of the application for the appointment of the receiver.

It is insisted by appellants that the amended complaint "does not state facts sufficient to authorize the appointment of a temporary receiver or to authorize the appointment of a receiver at any time."

After an interlocutory order appointing a receiver has been made, and such interlocutory order appealed from, the cause, notwithstanding the appeal, remains pending in the trial court, and amendments and changes in the pleadings may be made as in other cases. *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, and cases cited; *Gray* v. *Oughton* (1896), 146 Ind. 285, and cases cited.

While the verified complaint may not be sufficient to authorize or justify the appointment of a receiver, yet the evidence given at the hearing of the application may be sufficient to authorize such appointment. In such a case the interlocutory order appointing a receiver will not be reversed merely because the complaint does not state facts sufficient to authorize the appointment. *Levin* v. *Florsheim & Co.* (1903), 161 Ind. 457, 462, and cases cited; *Sallee* v. *Soules* (1907), 168 Ind. 624, 627, 628, and cases cited; *Gray* v. *Oughton, supra; Goshen Woolen Mills Co.* v. *City Nat. Bank* (1888), 150 Ind. 279; *Sullivan Electric, etc., Co.* v. *Blue* (1895), 142 Ind. 407, and cases cited; *Supreme Sitting, etc.,* v. *Baker* (1893), 134 Ind. 293, 20 L. R. A. 210; *Wabash R. Co.* v. *Dykeman, supra,* and cases cited; *Naylor* v. *Sidener* (1886), 106 Ind. 179.

The record shows that appellants filed a written precipe with the clerk for "a transcript of all the record

entries made in the case'' and for ''all the papers
2. and pleadings filed in the case, except bill of ex-
ceptions.'' The transcript contains what purports to be
the original bill of exceptions containing the evidence. The
certificate of the clerk to the transcript, however, authenti-
cates only the papers and the entries required by the
precipe, and makes no mention of the bill of exceptions.
This court in the case of *Workman* v. *State, ex rel.* (1905),
165 Ind. 42, after referring to §690 Burns 1908, §649 R.
S. 1881, and to §667 Burns 1908, Acts 1903 p. 338, §7, said:
''It is still the right of a party desiring to appeal to take
up a part only of the record of the cause, and in such case
he must file with the clerk a written precipe specifying the
parts of the record desired. When a party elects to exer-
cise this right and directs in writing specifically what pa-
pers and entries shall be transcribed and certified for ap-
peal, the fault is his if he fails to secure such a transcript
as will fully and clearly present all the questions which he
desires the court to review and decide. It follows that if,
in his precipe, he omits papers or entries essential to a
consideration of any question, his appeal will be so far un-
availing. The precipe when in writing is a part of the
record under both the act of 1903, *supra* [Acts 1903 p.
338], and §661, *supra* [§690 Burns 1908], and the clerk can
only properly certify and authenticate such parts of the rec-
ord as are designated in the precipe or precipes of the
parties. In this case appellant Workman wholly omitted
in his precipe any reference to the bill of exceptions, and
failed to direct the clerk to certify either the original or a
transcript thereof, and under these circumstances the bill
of exceptions cannot be made a part of the record by the
act of the clerk in embracing and certifying it with the
transcript.'' See, also, *Curless* v. *State* (1909), 172 Ind.
257; *Roberts* v. *Smith* (1906), 43 Ind. App. 613, and cases
cited.

In the case before us, appellants by their precipe expressly except the bill of exceptions from its operation.

We hold therefore, on the authority of the case of *Workman* v. *State, ex rel., supra*, that the bill of exceptions, although embraced in the transcript, is not authenticated by the clerk, is not a part of the record and cannot be considered.

The presumption is that the court did not err in making the interlocutory order appointing said receiver, and there is nothing in the record to overcome this presumption.

Said interlocutory order is therefore affirmed.