King v. Hoover—57 Ind. App. 558.

---

## KING ET AL. v. HOOVER ET AL.

[No. 8,861. Filed May 14, 1914. Rehearing denied November 20, 1914. Transfer denied January 20, 1915.]

1. APPEAL.—*Notice of Motions.—Appearance.*—Notice of the pendency of motions in the court on appeal is not essential where there has been a full appearance to such motions. p. 561.

2. APPEAL.—*Preparation of Transcript.—Assignment of Errors.*—While Rule 3 of the Supreme and Appellate Courts, requiring that the transcript shall be neatly and securely bound, does not specify that such shall be done before filing the transcript, the filing of an unbound transcript would render practically impossible the requirement of Rule 4 that appellant shall on the transcript, or some paper attached thereto, make specific assignment of the errors on which he relies, and since failure to comply with the latter rule is cause for dismissal, the filing of a transcript in an unbound condition should be avoided. p. 561.

3. APPEAL.—*Preparation of Transcript.—Necessity for Precipe.*—Under §§690, 657, 667 Burns 1914, being §649 R. S. 1881, Acts

1897 p. 244, §1, and Acts 1903 p. 338, §7, respectively, all of which are in force except as the earlier of such statutes have been modified in succession by the later, a written precipe is unnecessary where appellant desires a complete transcript; but if it is desired to take up only certain parts of the record, a written precipe specifying the parts desired must be filed with the clerk.   p. 563.

4.   APPEAL.—*Proceedings Not in Record.—Precipe.—General Rule.* —Only such papers and entries as are called for by the precipe are properly in the record on appeal, and papers or entries copied therein, if not mentioned in the precipe, can not be considered. p. 563.

5.   APPEAL.—*Record.—Bill of Exceptions.—Precipe.—Statutes.*— Under §657 Burns 1914, Acts 1897 p. 244, an original bill of exceptions could not be properly included in the transcript if the precipe called for a copy, but §667 Burns 1914, Acts 1903 p. 338, has the effect of modifying the effect of the former statute to the extent that where either a copy or the original bill of exceptions is called for by the precipe, or otherwise directed to be included in the transcript, such original bill may be properly inserted. p. 563.

6.   APPEAL.—*Proceedings Not in Record.—Precipe.*—While a precipe is to be liberally construed and specific directions will be held to impliedly embrace incidental entries, such rule can not be applied so as to include a final judgment, special findings and conclusions of law as a part of the record, where the precipe expressly excepted them, even though the precipe was otherwise general in form; and such excepted matter, if appearing in the record, can not be considered, notwithstanding a showing that after the filing of the precipe the clerk was orally requested to insert same, where the clerk's certificate is to the transcript "all as requested by the above and foregoing precipe."   p. 564.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action between Laura Black King and another and Charles B. Hoover and others.   From a judgment for the latter, the former appeal.   *Appeal dismissed.*

*Sumner Clancy* and *Charles W. King,* for appellants.

*Leander J. Monks, John F. Robbins, James P. Goodrich, Charles W. Smith, Charles Remster, Henry H. Hornbrook* and *Albert P. Smith,* for appellees.

CALDWELL, J.—The transcript was filed January 20, 1914. On March 27, appellees filed their verified motion to dismiss the appeal, praying also for an order that the transcript

alleged to be in possession of appellants' attorney be returned to the files. Among the grounds urged in support of the motion are that the transcript consists of many loose leaves not bound together, and that the transcript of the documentary and oral evidence had been withdrawn by appellants from the files of this court and placed as exhibits to a complaint in a certain cause pending in the Marion Circuit Court, and that the transcript of the evidence was at the time of the filing of the motion a part of the files of the circuit court. In obedience to an order, the entire transcript has been returned to the files of this court. An inspection of it discloses that the transcript of the documentary evidence is neatly and securely bound and that the oral evidence is likewise bound, but separate from such documentary evidence. The clerk's transcript of the proceedings below, including the precipe, clerk's certificate, assignment of errors and judge's certificate to the bill of exceptions containing the evidence, consists of loose sheets of paper enclosed in a box, and not in any manner bound. On April 3, appellants filed their verified application for permission to bind the transcript. Facts are stated in this application to the effect that had appellants taken the time to bind the transcript, they would have been unable to file it before the expiration of the time limited for appeal. It is admitted that the transcript of the evidence was filed in the circuit court as charged, but it is alleged that such use of it was temporary and only until a copy could be made. On April 7, appellees filed their supplemental motion to dismiss the appeal, urging, among other things, certain alleged defects in the precipe and clerk's certificate, and that the determination of this cause necessitates an examination of the evidence alleged not to be in the record. On April 16, appellants filed a verified answer to said motion and supplemental motion to dismiss. Exhibited with such answer is a certified copy of the record of the circuit court, to the effect that the transcript of the evidence filed in said

court as aforesaid, on January 26, 1914, has since been substituted and released from the files of the circuit court.

This court does not deem it necessary to consider the question presented as to whether notice of the filing of said supplemental motion should have been given, for the

1. reason that there has been a full appearance entered to the various motions, so that the parties and the entire matter are before the court. The conclusion at which we have arrived renders it unnecessary for us to determine the effect of the unbound condition of said clerk's transcript and its subsequent use as a file of another court, or that we should pass on said motion for permission to bind such transcript. It is sufficient to say that Rule 3

2. of this court requires that an appellant shall cause the transcript to be neatly and securely bound. The time when such binding shall be done is not specified, but it would seem that it should be so bound at least before the transcript is filed in this court. Rule 4 requires that an appellant shall on the transcript, or on some paper attached thereto, make a specific assignment of errors upon which he relies. It would be practically impossible to comply with this rule if the transcript is unbound. Appeals have frequently been dismissed both by this court and by the Supreme Court for failure to comply with such specification of Rule 4. It would seem that sound policy would condemn a practice permitting such an unbound transcript to be filed on appeal. Under such a practice, the effect of the clerk's certificate to the transcript and of the judge's certificate to the bill depends on their subsequent attachment, and to what they are attached, which attachment may be beyond the control of such officers because made without their knowledge. We are not ascribing to appellants or to their attorneys improper motives, for we believe that in what they have done or omitted, they have been innocent of wrong. Such a sound policy, however, will not countenance a prac-

tice full of such possibilities, whatever may have been the actuating spirit in a particular instance. It would seem also that a motion to bind the transcript, for reasons given, presents a much more serious question than a motion to amend an assignment of errors or to page or place marginal notes on the transcript.

The precipe, omitting caption and signature, is as follows: "To Charles E. Edwards, clerk of Hendricks Circuit Court. You are hereby requested to prepare a transcript of the record of the proceedings in the above entitled cause, and to include therein all papers and pleadings filed and on file, the order book entries of all orders and rulings, except the final judgment, special findings of the court and conclusions of law, in the above entitled cause, and certify to the same, to be used on appeal to the Appellate Court in the State of Indiana." The clerk's certificate to the transcript, omitting caption and signature, is as follows: "I, Charles E. Edwards, clerk of the Hendricks Circuit Court of Hendricks County, Indiana, do hereby certify that the above and foregoing transcript contains full, true, and correct copies of all the papers filed and entries of proceedings had in the above entitled cause, as appears from the files and records in my office. I further certify that I have incorporated in this transcript the original bill of exceptions containing the evidence in said cause, instead of a copy thereof, all as requested by the above and foregoing precipe. In witness whereof, I have hereunto set my hand and affixed the seal of said court, at my office in the city of Danville, Ind., this 17th day of January, 1914." It will be observed that the precipe expressly excepts the final judgment, special findings and conclusions of law. The certificate purports to accredit copies of all the papers filed and entries made in said proceeding, including the original bill of exceptions containing the evidence, instead of a copy thereof, "all as requested by the above and foregoing precipe".

There are three sections of the statute that have a bearing

here:  §690 Burns 1914, §649 R. S. 1881, §657 Burns 1914, being §1, Acts 1897 p. 244 and §667 Burns 1914,
3.  being §7, Acts 1903 p. 338, all of which are in force, except as the earlier of such statutes have been modified in succession by the later. Under these statutes, a written precipe is unnecessary where appellant desires a complete transcript. *Reid* v. *Houston* (1874), 49 Ind. 181; *Abney* v. *Indiana, etc., Traction Co.* (1908), 41 Ind. App. 53, 83 N. E. 387; *Workman* v. *State, ex rel.* (1905), 165 Ind. 42, 72 N. E. 917. If appellant believes that a transcript of the entire record is not necessary to a proper presentation of the questions which he desires to have considered, it is his right, under such statutes, to take up only such parts of the record as he deems requisite to that end, but in such case, he must file with the clerk a written precipe, specifying the parts of the record desired. §§690, 667 Burns 1914, *supra; Workman* v. *State, ex rel., supra.*

It seems to be the established rule in this State that when a written precipe is filed "Only such papers and entries as are mentioned in said precipe are properly a part
4.  of the record on appeal. Any paper or entry not mentioned in such precipe is no part of the record, even if copied into the transcript and certified by the clerk, and cannot therefore, be considered on appeal." *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298, 58 N. E. 67. See, also, *Workman* v. *State, ex rel., supra; East* v. *Amburn* (1911), 47 Ind. App. 530, 94 N. E. 895; *Johnson* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *Boos* v. *Lang* (1904), 163 Ind. 445, 71 N. E. 120; *City of Alexandria* v. *Liebler* (1904), 162 Ind. 438, 70 N. E. 512; *Guynn* v. *Newman* (1910), 174 Ind. 161, 90 N. E. 759; *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529; *Holtz* v. *Mercantile, etc., Sav. Co.* (1913), 53 Ind. App. 194, 100 N. E. 398; *Bools* v. *Indianapolis, etc., R. Co.* (1908), 41
5.  Ind. App. 675, 84 N. E. 357. Said act of 1897, *supra*, authorizes the original bill of exceptions con-

taining the evidence, when properly called for, to be inserted into the transcript instead of a copy thereof. Under said act it was uniformly held that where the precipe called for a copy of such a bill, the original bill did not become a part of the record on appeal by being included in the transcript and certified. The effect of the act of 1903, *supra,* is to modify such holdings, several of which are cited above, when applied to appeals subsequently taken, since the act of 1903, *supra,* provides in substance that where either a copy or the original bill is called for by the precipe or otherwise directed to be included in the transcript, and the latter is inserted and authenticated, it becomes a part of the record. The holdings are not thereby modified, however, in so far as concerns their application to the question here considered. While *Holtz* v. *Mercantile, etc., Sav. Co., supra,* is correctly decided, some language used in the opinion would indicate that the court had overlooked the act of 1903, *supra.*

While it is to be regretted that appeals are sometimes presented in such manner as to prevent their consideration on their merits, we are not at liberty to depart from the 6. decisions of the Supreme Court cited above, even were we inclined to do so. Under such decisions the final judgment, special findings and conclusions of law can not be considered part of the record, although copied into the transcript, and even though it should be held that they are certified by the clerk. This follows from the fact that they are specifically excepted in the precipe. We are not unmindful of the rule that the precipe will be liberally construed, and that incidental entries will be considered as impliedly embraced in the specific directions. Such rule however, does not extend to a case where matters are expressly excepted in the precipe, although such precipe be otherwise general in form, and even though such excepted matter be merely incidental to the papers and entries called for, rather than distinct and independent. *Allen* v. *Gavin* (1892), 130 Ind. 190, 29 N. E. 363; *King* v. *Inland Steel Co., supra;*

*Guynn* v. *Newman, supra.* Our attention is called to *Tombaugh* v. *Grogg* (1901), 156 Ind. 355, 59 N. E. 1060. In that case, which was decided under the act of 1897, *supra,* the precipe called for a copy of the bill of exceptions containing the evidence, and the clerk inserted and certified the original bill instead of the copy. It was held that it would be presumed that such original bill was inserted pursuant to a subsequent oral request, and that under such presumption it was properly in the record. On this point the case is held to be impliedly overruled or modified by the later decisions of the Supreme Court. *Boos* v. *Lang, supra.* In *Schlichter* v. *Taylor* (1903), 31 Ind. App. 164, 67 N. E. 556, under circumstances somewhat similar to those presented by *Tombaugh* v. *Grogg, supra,* the original bill of exceptions was held to be properly in the record, although the precipe called for a copy. The decision is based on the fact that the record contained an entry to the effect that such original bill was inserted at the request of appellants. In the case at bar, appellants filed with said answer to the motion to dismiss this appeal an affidavit made by their attorney on April 16, 1914, to the effect that on January 17, 1914, he orally requested said clerk to include in the transcript "those parts of the record excepted in appellants' general precipe, to wit: the special findings of facts and conclusions of law and the final judgment, together with the, original bill of exceptions, which had theretofore been made by the court reporter; that said clerk did, on said oral request, incorporate the same into the record of this cause, and certify to the same." While we by no means hold that such affidavit would otherwise be sufficient for the purpose intended, here the clerk's certificate seems to be at variance with the affidavit. The former purports to authenticate only what is called for by the precipe. Its language is "all as requested by the above and foregoing precipe." It would seem to follow, therefore, either that nothing was included in the transcript pursuant to an oral request, or if

anything was so included, it was not authenticated by the certificate. In either case, such excepted matter would not be properly in the record.

We hold that the final judgment, special findings and conclusions of law are not in the record. We base our decision on the fact that they are excepted in the precipe. We do not decide the question of whether in the absence of such exception in the precipe such matter might be held to be included within the scope of the general language of the precipe, as incidental to the matter thereby called for. We decide nothing respecting the bill of exceptions containing the evidence. The final judgment not being in the record, the appeal must be dismissed. *Gray* v. *Singer* (1894), 137 Ind. 257; 36 N. E. 209, 1109; *Stephenson* v. *Gillespie* (1899), 23 Ind. App. 187, 55 N. E. 106; Elliott, App. Proc. §96.

Appeal dismissed.

NOTE.—Reported in 105 N. E. 172. As to scope and effect of writs of error, see 91 Am. Dec. 193.