Hayes *et al. v.* Hayes *et al.* ·

No. 7302.

## HAYES ET AL. *v.* HAYES ET AL.

APPEAL.—*Effect of.—Judgment.*—An appeal to the Supreme Court does, not annul a judgment. The utmost effect it can have, when accompanied by the proper auxiliary proceedings, is to stay the enforcement of the judgment appealed from.

DECEDENTS' ESTATES.—*Contest of Will.—Special and 'General Administrators.—Appeal.*—After a judgment against the validity of a will, in an action to resist the probate thereof, during the pendency of which action a special administrator was appointed for the decedent's estate, it is proper for the court to appoint a general administrator, although an appeal may have been taken from such judgment.

SAME.—*Right of Court to Install Executor.*—In such case the court, by the appointment of a general administrator, did not deprive itself of the power to install the rightful executor of the will in office should a judgment of reversal result in a final adjudication declaring the will valid and effectual.

SAME.—*Special and General Administrators.*—Special administrators are appointed for temporary purposes, and not as permanent representatives of the decedent's estate, and when the condition of affairs which made the appointment of a special administrator necessary has ceased to exist, then the special letters may be supplanted by general letters of administration.

SAME.—*Right of Next of Kin to Letters of Administration.*—Section 7 of the act for the settlement of decedents' estates. 2 R. S. 1876. p. 492, is mandatory, and where a son of a decedent. eligible and qualified, asks to be appointed administrator of the estate. it is error for the court to refuse the request and confer the trust upon a stranger.

From the Dearborn Circuit Court.

*J. Schwartz* and *O. B. Liddell,* for appellants.

*S. A. Huff* and *G. W. Galvin,* for appellees.

ELLIOTT, J.—Joseph Hayes died in the year 1875, leaving an instrument purporting to be his last will. The instrument was offered for probate, resistance was made, issues formed, and trial had, resulting in a judgment against the proponents of the supposed will. From this judgment an appeal to this court was taken, bond filed, and supersedeas issued. Soon after the death of Joseph Hayes, and after objection to the probate of his alleged will had been filed, spe-

cial administrators were duly appointed. After the judgment declaring the will invalid was entered, and after the appeal to this court and the issuing of the supersedeas, the appellees applied for the appointment of a general administrator of the estate of said Joseph Hayes, and such proceedings were had as resulted in the appointment of Philip L. Matthews. Resistance to such appointment was made by the appellants, and from the judgment granting letters to said Matthews they prosecute this appeal.

The judgment declaring the asserted will of Joseph Hayes to be invalid was not set aside or its force in any wise impaired by the appeal. *Walker* v. *Heller*, 73 Ind. 46. There was after that judgment, and until reversal, no such will, and consequently there could be no executors. An appeal does not annul a judgment; the utmost effect it can have, even when accompanied by the proper auxiliary proceedings, is to stay the enforcement of the judgment appealed from. There was, therefore, no reason why the court did not have full power to appoint a general administrator at the time letters were granted to Matthews. There was nothing in the condition of affairs making it necessary, or indeed proper, to continue the special administrators in office. Counsel place much stress upon the act of February 26th, 1857, but we find no warrant in it for the conclusion of appellants that the court was bound to continue the special administrators until the final disposition of the appeal. That act does not mean that the special administrators shall continue beyond the termination of the contest. In the present instance, the judgment of the court pronouncing against the will ended the contest, and declared authoritatively that there was no will. When this point was reached, and it was determined that there was no executor because no will, it became not only proper, but necessary, to appoint a general administrator, to whose hands the estate should be finally committed for administration. Special administrators are appointed.

for temporary purposes, and not as permanent or regular representatives of the decedent's estate. When the time for the appointment of a regular administrator arrives, or when the condition of affairs which made the appointment of a special administrator necessary has ceased to exist, then the special letters may be supplanted by general letters of administration.

We know that the appellants in the case growing out of the contest of the will were successful on appeal, and obtained a reversal of the judgment rendered in that case. *Hayes* v. *Burkam*, 67 Ind. 359. But this does not alter the rule of law applicable to the state of things existing when Matthews received general letters of administration. When the letters were granted, the judgment declaring the will invalid was in full force, and there was simply a pending appeal, and nothing more.

It was immaterial whether the administrator in office was a general or special one ; the court had as much power to remove the one as the other in case there should be a final judgment sustaining the will. By appointing a general administrator, the court did not strip itself of the power to install the rightful executor in office should a judgment of reversal result in a final adjudication declaring the will to be a valid and effective one. The right to put the executor in office, upon proper demand, is as complete against the general as against the special administrator in such cases as the present.

Whether the appellants could have enjoined the administrator from proceeding in contravention of the provisions of the will, pending the appeal, is a question we do not feel called upon to decide, for we do not regard it as presented by the record.

It appears from the evidence, and without contradiction, that Ezra G. Hayes, a son of the decedent, possessing all the requisite qualifications and properly eligible in every re-

spect, asked to be appointed administrator, and that his petition was denied and the trust conferred upon a stranger. So far as we can ascertain, there was nothing in the evidence tending to show that the son was ineligible, and the appellees have not called our attention to any fact tending to impeach his right to administer upon his father's estate.

Section 7 of the act concerning the settlement of decedents' estates commands, not directs merely, that letters shall be granted to the next of kin, and we can find nothing in the record justifying the action of the court in disregarding this command by denying the kinsman's petition and conferring the trust upon a stranger.

Judgment reversed, at costs of the appellees.