Filed April 23, 1887.

---

No. 13,543.

## JONES v. BITTINGER, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Letters of Administration.— When Voidable.—Order of Granting. — Priority of Right. — Revocation.*—Letters of administration granted out of the order prescribed by statute, section 2227, R. S. 1881, are not void, but at most are only voidable, and until revoked or set aside in a proper proceeding for that purpose, the refusal of the court to grant other letters to another person, although the latter may have a right under the statute prior to that of' the person to whom the letters were first issued, is not erroneous.

From the Allen Circuit Court.

*H. Colerick* and *W. S. Oppenheim,* for appellant.

*J. B. Harper,* for appellee.

HOWK, J.—It is shown by the record of this cause, that on the 4th day of December, 1886, William H. Miller died intestate, in Allen county, Indiana.   On the 16th day of December, 1886, there was filed in the court below the written relinquishment of Julia Miller, widow, and John McC. Miller, son and next of kin of William H. Miller, deceased, of their right to take out letters of administration on such decedent's estate, and their written request that the court would appoint in their stead the appellee, Bittinger, as administrator of such estate.   There was also filed in such court, on the same day, the affidavit of Julia Miller, showing the death of William H. Miller, intestate, in Allen county, on December 4th, 1886, leaving a personal estate to be administered, of the probable value of $500.  Thereupon,

on the same day, the court appointed appellee, Bittinger, administrator of such decedent's estate, who then and there accepted such appointment, and executed his bond with surety to the approval of the court, and took and subscribed the oath prescribed by the statute and entered upon the discharge of the duties of his trust.

It is further shown by the record that, on the 29th day of December, 1886, the appellant, Hattie Jones, presented to the court an affidavit, showing the death of said William H. Miller, intestate as aforesaid, leaving a personal estate to be administered, of the probable value of $300, and tendered her bond with surety, conditioned that she would faithfully discharge the duties of her trust as administratrix of such decedent's estate; and thereupon appellant applied to the court to be appointed as such administratrix. In her application, appellant entirely ignored the court's previous appointment of appellee, Bittinger, as administrator of such decedent's estate, and that he had qualified as such administrator, to the approval of the court, and was then engaged in the active discharge of the duties of his trust. Appellant did not notify appellee of her application, but he appeared and filed his verified answer thereto. The matter was then heard by the court, and upon the evidence the court found against the appellant, and refused to grant her application, to which she excepted.

The evidence on the hearing is properly in the record. It showed that appellant, Hattie Jones, was a daughter of William H. Miller, deceased, of lawful age and without a husband, and that appellee, Bittinger, was not of kin to the decedent. In section 2227, R. S. 1881, it is provided as follows: "At any time after the death of an intestate, the proper clerk or court * * * shall grant letters of administration, in their order—

"*First.* To the widow or widower.

"*Second.* To the next of kin.

"*Third.* To the largest creditor applying and residing in the State.

"*Fourth.* If no person thus entitled to administer shall apply within twenty days after the death of the intestate, the clerk or court shall appoint a competent inhabitant of the county, to whom the letters shall issue."

It is claimed by appellant's counsel, as we understand their argument, that this section of the statute is mandatory, that it was not competent for the court or clerk to grant letters of administration in violation of the provisions of such section, or in disregard of the order specified therein for the issue of such letters; and that appellee, Bittinger, not having been either of kin to William H. Miller, deceased, or a creditor of his estate, it was not competent for the court, within twenty days after the death of such intestate, to appoint him as administrator of such estate, and that his appointment and letters were, therefore, null and void. It was further claimed, on behalf of appellant, that as the widow and son of the decedent had relinquished their right to administer on the decedent's estate, and as appellant, as the daughter and next of kin of the intestate, had filed her application for letters of administration on such estate in the court below, "within twenty days after the death of the intestate," the court clearly erred in its refusal to grant her application, notwithstanding and without regard to the previous appointment and qualification of the appellee, as administrator of such decedent's estate.

It is true, we think, that the provisions of section 2227, *supra*, are mandatory in form and ought to be strictly observed, as well by the court as by the clerk in vacation, in granting letters of administration upon an intestate's estate. But it can not be correctly said, as it seems to us, that letters of administration, granted by a court or clerk out of the order prescribed by statute, are absolutely null and void. The utmost that can be said, in such a case, is that letters so granted are voidable merely and may be revoked or set aside,

upon an application to the proper court for that purpose, made within the proper time and by the party entitled to priority in the issue of such letters. Until the letters so granted have been revoked or set aside, in a proper proceeding for that purpose, the refusal of the proper court to grant other letters of administration upon the same estate to another person, although such person may have a right under the statute prior to that of the person to whom the letters were first issued, is not and can not be erroneous.

Here lies the difficulty, as it seems to us, with the appellant's case as it appears in the record now before us. She ought to have applied to the court below, in the first instance, for the revocation of appellee's letters and for his removal from his trust. Not having done so, there is certainly no error in the court's refusal to grant her application to be appointed administratrix of the same estate, of which appellee had been previously appointed administrator by the same court, as shown by the record. *Mills* v. *Carter*, 8 Blackf. 203.

The judgment is affirmed, with costs.

Filed April 23, 1887.