McKendry *et al. v.* Sinker, Davis & Co.

There is no error in the record of which the appellant can complain.

The judgment is affirmed, with costs.

Filed April 30, 1891.

---

No. 93.

McKENDRY ET AL. *v.* SINKER, DAVIS & Co.

PRACTICE.—*Appeal.—Section 630, R. S. 1881, Abandoning Intention to Appeal under.*—A party who has announced his intention to reserve questions for decision upon appeal under section 630, R. S. 1881, may at any time abandon such intention and prosecute an appeal under the general provisions of the practice act, and have decided all questions properly raised by the record.

INSTRUCTIONS.—*Assignment as Cause for New Trial.*—An assignment as a cause for a new trial that the court erred in the giving of " instructions numbered from one to nine, inclusive, and in giving each of said instructions," challenges the correctness of each instruction severally.

SALE.— *Warranty.—Burden of Proof.—Absence of Evidence.*—In an action of breach of warranty in the sale of a boiler, where it is alleged that the boiler leaked and was unfit for use, and that it was warranted by the defendant to perform the work for which it was purchased, if properly adjusted and fairly tested, it is error to charge the jury that the burden rests upon the defendant to prove that the leakage and unfitness of the boiler were caused by improper tests and adjustment; and such error is available even though the evidence is not in the record.

From the Marion Superior Court.

*A. C. Harris,* for appellants.

*A. C. Ayres, E. A. Brown* and *L. M. Harvey,* for appellee.

CRUMPACKER, J.—McKendry and Kirby sued Sinker, Davis & Co., in the Marion Superior Court, for damages for an alleged breach of warranty implied in the sale of a steam-generating boiler.

They alleged in their complaint, in effect, that they were engaged in operating a heading factory at Muncie, Indiana,

and in 1887 they purchased of Sinker, Davis & Co., a corporation engaged in manufacturing boilers in the city of Indianapolis, Indiana, a boiler to supply motive power to their said heading factory; that said boiler was bought for a specific purpose, which was known to the vender, under such circumstances as to raise an implied warranty of its fitness and adaptability to the purpose for which it was bought. It was delivered to the purchasers, at the city of Indianapolis, and by them taken to Muncie and properly set up in their factory and adjusted to the machinery therein, and upon a fair test it proved to be unfit for the purposes for which it was purchased, and failed to fill the conditions of the warranty.

Issues were joined by the general denial, and the cause was tried in said court in special term, by a jury, and a verdict returned in favor of the plaintiff below. With the general verdict, the jury returned answers to a series of interrogatories submitted to them under the direction of the court at the request of the parties.

The defendant moved for a new trial, assigning a number of reasons therefor, among which was error of law in giving to the jury instructions numbered from one to nine inclusive, and in giving each of said instructions.

This motion was denied by the court and exceptions were duly saved and judgment was entered upon the verdict. All of the instructions given, with the exceptions duly endorsed thereon and signed by the judge, were filed and made part of the record.

A special bill of exceptions was prepared and tendered by the defendant, reciting what the evidence tended to prove, and the defendant announced to the court its intention to appeal from the judgment, under section 630, R. S. 1881, saving and reserving for the decision of the Appellate Court questions arising upon the exceptions to the instructions given, and especially to instruction numbered five. This bill

of exceptions was duly signed and approved by the presiding judge and made part of the record.

The whole record thus made up was taken before the superior court in general term on appeal, and the only error assigned there was the overruling of the motion for a new trial. The court in general term reversed the judgment, for error in giving instruction numbered five, and directed a new trial.

This appeal brings before us for review the judgment of the superior court in general term ordering a new trial of the cause.

We are confronted at the outset with a question of practice. Counsel for appellants very earnestly insists that the record presents no question for decision, and he devotes considerable space to the discussion of appeals under section 630 of the code.

We have before us the same record that in legal contemplation was before the superior court in general term, and if no question was properly raised by the record, it follows as a matter of course that the judgment of the general term can not stand.

The record contains the pleadings, entries, motion for a new trial and the instructions, and properly presents the exceptions to the instructions as upon a general appeal, unless we hold that when a party announces his intention to reserve special questions for decision under section 630, *supra*, he is thereby precluded from prosecuting a general appeal raising the same questions.

We can not so hold, as in our opinion section 630 is not exclusive in its purview, and one who has announced his intention to reserve questions for decision upon appeal under its provisions may at any time abandon such intention and prosecute an appeal under the general provisions of the practice act, and have decided all questions properly raised by the record.

In this case the record presents practically the same ques-

tion, viewed as a general appeal, as would have been raised under the provisions of section 630, if the bill of exceptions had been in proper form, so we can not disregard the questions contained in the record nor decline to decide them.

We do not decide, however, that these questions are not properly before us under the provisions of section 630, as we deem it unnecessary to discuss that subject, because the record raises the same matters viewed as a general appeal.

Instruction numbered five, the giving of which resulted in a reversal of the judgment by the court in general term, is as follows :

"If you should find from the evidence in the cause that the boiler in question was purchased to replace another boiler in the factory of the plaintiffs, and that the furnace and its attachments in which the boiler to be replaced had been used, and this one bought of the defendant was set or placed by plaintiffs was not properly constructed and suited for the reception of this boiler bought of the defendant and placed therein, if it was so placed, and it was the improper construction of the furnace and its attachments in which said boiler was set or placed, and not any defective workmanship in the making of the boiler that produced the leakage in the boiler and its unfitness for use, then, and in case of such finding, your verdict should be for the defendant, but the burden is upon the defendant to prove by a preponderance of the evidence in the cause, that the leakage in and unfitness of the boiler for use was so caused.".

Counsel for appellants insists that the assignment as a cause for a new trial of the giving of " instructions numbered from one to nine, inclusive, and in giving each of said instructions," does not challenge the correctness of each instruction severally, but questions the whole series collectively, and if any one was correct the motion was rightly overruled by the special term.

This question has been settled adversely to the theory of counsel in a number of decisions of the Supreme Court.

*City of Lafayette* v. *Larson,* 73 Ind. 367 ; *Nofsinger* v. *Reynolds,* 52 Ind. 218.

The objection made to the instruction quoted is that it improperly placed with the appellee the burden of proving that the unfitness of the boiler was occasioned by the defective furnace and attachments upon which it was placed by the appellants. Considering this as a general appeal, the evidence is not before us, and if the instruction would have been pertinent to any supposable evidence that might properly have been adduced under the issues made by the pleadings, it must be upheld.

The complaint declares upon an alleged breach of a warranty implied in the sale of a boiler, for a special purpose. The boiler was sold and delivered to the appellants in the city of Indianapolis, with the understanding that it should be taken by them to Muncie, and be placed and adjusted in their heading factory. The engagement of the appellee was that the boiler should perform the work for which it was purchased, if properly adjusted and fairly tested, and upon its failure, after being so tested, the appellee would be liable for the damages resulting. *Lafayette, etc., Works* v. *Phillips,* 47 Ind. 259 ; *Robinson, etc., Works* v. *Chandler,* 56 Ind. 575 ; *Johnston, etc., Co.* v. *Bartley,* 81 Ind. 406.

It was necessary for the appellants, in order to establish a liability upon the warranty sued upon, to prove the fact of the warranty, the proper adjustment and fair test of the boiler, and its failure to fitly perform the work it was warranted to do. The general denial put all of these questions in issue, and the burden of proving them was originally with the appellants, and it is impossible to conceive of any condition of facts pertinent to the issues that would change the burden to the appellee. In the case of *Fay* v. *Burditt,* 81 Ind. 433, it was said : " Where the issue is formed by the averment of facts on one side, and a denial thereof on the other, and the evidence is confined to the inquiry, whether the facts averred were true, it is plain that the technical bur-

den of proof remains throughout the trial with the party who affirms; but where, under the issue so formed, it is competent for the defendant, besides disputing the plaintiff's case, to admit it, and prove other facts in avoidance, as, for instance, in cases before or which originated before justices of the peace, and in actions for the recovery of possession of property, real or personal, there may be clearly a shifting of the burden of proof."

· This doctrine finds strong support in the cases of *Hayes* v. *Fitch*, 47 Ind. 21, and *Meikel* v. *State Savings Institution, etc.*, 36 Ind. 355.·

The instruction under consideration was erroneous, as applied to the facts, and no evidence could have been adduced under the issues that would have made it proper.

It follows that the Superior Court, in general term, did not err in ordering a new trial of the cause.

The judgment is affirmed, with costs.

Filed May 1, 1891.