Andis *v.* Lowe, Administratrix.

Filed Jan. 26, 1894.

---

No. 854.

ANDIS *v.* LOWE, ADMINISTRATRIX.

DECEDENT'S ESTATE.—*Priority of Right of Administration.—Statute Construed.—Petition for Removal, etc.—Necessary Allegations.—Qualification to Administer.*—The statute giving sons the priority of right over daughters to administer on their deceased parent's estate, where there is no widow or widower of the deceased, is mandatory, and the court has no discretion in reference thereto, if application is made within twenty days. If, however, in such a case, letters have been issued to a daughter of the deceased, and a son of the deceased makes application for letters of administration, and asks that the former letters be revoked and that such daughter be removed as administratrix, he must clearly show in his petition, by alleged facts, that he possesses the necessary qualifications to entitle him to act as administrator, or the petition will be insufficient on demurrer.

From the Hancock Circuit Court.

*E. Marsh, W. W. Cook, W. H. Martz* and *B. F. Davis,* for appellant.

*C. G. Offutt* and *R. A. Black,* for appellee.

REINHARD, J.—This proceeding was instituted in the court below, by the appellant, against the appellee, for the removal of the appellee as administratrix of the estate of Isabella Andis, deceased, and for the appointment of the appellant in her stead.

The petition states, in substance, that on the 27th day of March, 1892, Isabella Andis died in Hancock county, Indiana, intestate, leaving an estate therein of $600 in value, and leaving surviving her no husband, but leaving surviving her as her only children and only heirs at law the petitioner and Samuel Andis, John R. Andis, Margaret E. Osborn, wife of Alexander Osborn, and Mary E. Lowe, wife of Uriah Lowe; that at the time of said decedent's death the appellee was and still is the wife of said Uriah Lowe; that each of said decedent's children above named was, at the time of her death, and still is, a resident of Hancock county, Ind.; that immediately upon the death and burial of said decedent, to wit:   On the 29th day of March, 1892, and without the knowledge or consent of the petitioner, the appellee made application to the clerk of the Hancock Circuit Court for letters of administration upon the estate of said decedent, and, also, on said day filed the written consent of her said husband that she should be appointed as such administratrix, and that thereupon the clerk issued letters of administration upon said estate to the appellee, she executing her bond and otherwise qualifying as such, and that she has been acting as such administratrix ever since that time, to the exclusion of the petitioner and the brothers of the appellee and appellant, each of whom, as well as the petitioner, has the lawful right to be preferred as administrator of said estate, but that said appointment has not yet been confirmed by the court.

Wherefore, the petitioner asks that said appointment be not confirmed by the court, and that said Mary E.

Lowe be removed as such administratrix and her letters revoked, and that he, as well as his said brothers, be allowed to administer upon said estate, which applicant is willing and ready to do.

The petition was duly verified.

The appellee appeared and demurred to the petition; the demurrer was sustained and an exception saved, and judgment rendered on the demurrer. An appeal was taken to the Supreme Court, and, by that tribunal, the cause was transferred to this court, under the provisions of the act conferring jurisdiction on the Appellate Court in such cases. Acts 1893, p. 29, section 1, subd. 8 and 9.

It is agreed by the counsel on opposing sides, that the petitioner and the appellee and her brothers were all the "next of kin" of the decedent, in equal degree; but it is contended on behalf of the appellant, that as the appellee was a female the brothers had the prior right to the appointment.

It is provided by statute that at any time after the death of an intestate the proper clerk of court, having examined the person applying for letters, and such persons as may be deemed proper to be examined, under oath, touching the time and place of the death of the intestate, whether he left a will, and concerning the qualifications of such person, and there being no such will, shall grant letters of administration in the following order:

1. To the widow or widower.

2. To the next of kin.

3. To the largest creditor applying and residing in the State.

4. If no person thus entitled to administer shall apply within twenty days after the death of the intestate,

the clerk of the court shall appoint a competent inhabitant of the county, to whom the letters shall issue.   R. S. 1881, section 2227.

In a subsequent section, it is enacted that if several persons of the same degree of kindred are entitled to administration, letters may be granted to one or more of them, but males shall be preferred to females, relatives of the whole blood to those of the half blood, and unmarried to married women.   R. S. 1881, section 2229.

Other things being equal, it is doubtless the policy of the law that where there is no widow or widower of the decedent, and there are brothers and sisters, the former shall have the prior right to administer upon the estate, and, we may say in passing, this provision is mandatory, and leaves the court without discretion, if the application be made within the twenty days.   Henry Prob. Law, section 12; Croswell Exr. and Admr., section 170; *Jones* v. *Bittinger*, 110 Ind. 476.

If letters are issued out of the order of the statute, however, they are not void, but may be revoked on application, if the proper showing be made, when the court will appoint the persons entitled thereto.   *Jones* v. *Bittinger, supra.*

But in order to bring the applicant for revocation and appointment within the letter and spirit of the statute, he must show in his petition the facts that give him the right of priority.   In the present case, the petitioner discloses that he is a son and the appellee a daughter of the decedent, and if he is otherwise qualified he would doubtless be entitled to administer in preference to the appellee, and the former appointment must be set aside or confirmation thereof withheld.   But has he shown himself so qualified?

It will be noticed that the petition fails to allege that the petitioner and his brothers are, or that either of them

is, of proper age and possesses the necessary qualifications that entitle him to act as such administrator. Under the rule that the averments of a pleading will be most strongly construed against the pleader, we must presume that the petitioner did not possess such qualifications.

It is true the petition avers that the petitioner as well as his brothers has each ''the lawful right to be preferred as administrator of said estate,'' but this is not sufficient. The statement quoted is, at most, but a legal conclusion and not a fact. But it is facts and not conclusions that must be pleaded in order to make the pleading good. For aught that appears, the petitioner may be an infant or otherwise disqualified from taking upon himself the responsible position of administering upon the estate. He should have made a clear case upon paper, showing that he was fully qualified to receive the appointment. Having failed to do this, he can not complain of the ruling of the court in sustaining his demurrer.

Judgment affirmed.

Filed Sept. 29, 1893; petition for a rehearing overruled Jan. 30, 1894.