SHRUM *v.* NAUGLE ET AL.

[No. 2,770. Filed March 17, 1899.]

ADMINISTRATORS.—*Appointment.*—*Decedents' Estates.*—Courts have a wide discretion in matters concerning the appointment of administrators, and the refusal of a court to appoint the son of deceased as co-administrator with the widow will not be reviewed on appeal where an abuse of discretion is not shown.

From the Washington Circuit Court. *Affirmed.*

*John L. Shrum*, for appellant.

*Mitchell & Cauble* and *Alspaugh & Lawler*, for appellees.

HENLEY, J.—This appeal was taken from the action of the lower court in refusing to appoint appellant co-administrator, with one Lucy Shrum, of the estate of Moses Shrum, deceased. Appellee Lucy Shrum is the widow of Moses Shrum, deceased. Appellant is a son of Moses Shrum, and

resides in Crawfordsville, Montgomery county, Indiana. A joint application for letters of administration was filed by appellant and said Lucy Shrum in the lower court. Decedent was a resident of Washington county. The joint application for letters stated that Moses Shrum departed this life in Washington county, Indiana, on the 11th day of March, 1898, leaving personal property of the probable value of $800; that the affiant, Lucy Shrum, is the surviving widow of said decedent, and desires to have the affiant John L. Shrum with her in the administration of said estate. This petition is signed and sworn to by the appellant and said Lucy Shrum. With said petition appellant filed his affidavit to the effect that he is over the age of twenty-one years, is a resident of the State of Indiana; that he is the lawful son and heir of Moses Shrum, deceased, and Lucy Shrum, and that he makes application for letters of administration upon the estate of Moses Shrum, deceased, with the consent and request of said Lucy Shrum, which application is made on the 23rd day of March, 1898, within the time allowed by law for the next of kin to apply for letters of administration. Appellees Eli Menaugh, John Naugle, and Charles McClintock, filed written objections in the court below to the appointment and confirmation of appellant as a co-administrator of said decedent's estate.

The appellant moved to strike out and reject the objections filed by appellees. This motion was overruled, the cause was tried, and the court sustained the objections of appellees to appellant's appointment, and refused to issue letters of administration to him. The record shows that letters of administration were granted to the widow. Section 2382 Burns 1894, section 2229 Horner 1897, is as follows: "If several persons of the same degree of kindred are entitled to administration, letters may be granted to one or more of them; but males shall be preferred to females, relatives of the whole blood to those of the half blood, and unmarried to

married women; and any other competent person may be associated in such administration, the person entitled thereto assenting." The widow, Lucy Shrum, having applied for letters within twenty days after the death of her husband, she being a competent person, the court could not refuse to issue letters of administration to her. The court could not without the assent of said widow associate any other person with her in the administration of said estate, but with her assent he may do so. We think it discretionary with the court whether or not a co-administrator be appointed in such cases.

It was said by Elliott, J., in delivering the opinion of the court in the case of *Wallis* v. *Cooper, Adm.*, 123 Ind. 40: "The circuit court has a wide discretion in matters concerning the appointment of administrators, and the Appellate Court will not control that discretion nor interfere with its exercise except where it has been abused." Cases might arise where the size and extent of the estate to be administered, or the conflicting interests of heirs and creditors, might justify or demand the appointment of some one to act with the person who is by law first entitled to letters of administration; but, in a large majority of cases, we think it would be found upon investigation, that, if the estate could not be properly administered without an associate administrator, the appointment of the person first entitled by law to the appointment should have been refused in the first instance on the ground of incompetency. The statute, stating the order in which letters of administration shall be granted, is mandatory. Where the person entitled by preference applies within the time specified, and is qualified, the court has no discretion to refuse his request. *Hayes* v. *Hayes*, 75 Ind. 395; *Andis* v. *Lowe, Adm.*, 8 Ind. App. 687. In the case at bar, the judgment of the court is, in effect, that Lucy Shrum is a person qualified to take upon herself the administration of her deceased husband's estate without the assistance of another. We cannot say from the evidence that the wide discretion of

the lower court in such matters has been abused.    Judgment affirmed.

Wiley, J., absent.