## CURRY ET AL. v. PLESSINGER, ADMINISTRATOR.

[No. 7,889.    Filed November 3, 1911.    Rehearing denied January 24, 1912.    Transfer denied April 5, 1912.]

1. EXECUTORS AND ADMINISTRATORS.—*Appointment of Administrator.—Joint Appointment.—Discretion of Court.*—The appointment of a coadministrator lies in the discretion of the court.   p. 173.

2. EXECUTORS AND ADMINISTRATORS.—*Refusal of Joint Application.—Appeal.*—Where there was no evidence in the record, no available error was presented by assignments of error based on the court's refusal to grant letters of administration on a joint application therefor and on its refusal to revoke letters previously granted.   p. 173.

3. EXECUTORS AND ADMINISTRATORS.—*Appointment of Administrator.—Refusal of Joint Application.—Discretion of Court.*—The sworn petition and application for the removal of an administrator and the granting of letters to the petitioners jointly, are insufficient to show an abuse of discretion by the court in refusing to grant letters on such joint application.   p. 173.

4. EXECUTORS AND ADMINISTRATORS.—*Appointment of Administrator.—Procedure.*—The matter of the appointment of an administrator of the estate of a deceased person is not an ordinary proceeding and is not controlled and governed by the ordinary rules of procedure.   p. 174.

5. EXECUTORS AND ADMINISTRATORS.—*Appointment of Administrator.—Duty of Court.—Statute.*—Under §2742 Burns 1908, Acts 1901 p. 281, on the filing of a petition and application for the removal of an administrator and the granting of letters to the petitioners jointly, it became the duty of the court to examine the applicants, and such other persons as it deemed necessary, touching their qualification for such appointment.   pp. 174, 175.

6. EXECUTORS AND ADMINISTRATORS.—*Appointment of Administrator.—Statute.*—Section 2742 Burns 1908, Acts 1901 p. 281, is mandatory in its requirement that letters of administration shall be granted to the next of kin, where the application is made within the time therein provided.   p. 175.

7. EXECUTORS AND ADMINISTRATORS.—*Letters of Administration.—Revocation.*—Where letters of administration have been issued contrary to the provisions of the statute, they may be revoked by the court of its own motion, or on the application of any person interested, or upon the suggestion of an *amicus curiae*.   p. 176.

8. EXECUTORS AND ADMINISTRATORS.—*Appointment of Administrator.—Priority of Right.—Contest.—Motion for New Trial.*—Where on the filing of a verified petition and application asking

the removal of an administrator and the appointment of the petitioners, the court determined the case without hearing any evidence, the overruling of a motion for a new trial was erroneous. p. 176.

9. APPEAL.—*Reserved Question of Law.—Perfecting Appeal Under General Provisions of Practice Act.*—The mere fact of giving notice to the court of an intention to perfect an appeal presenting a reserved question of law under §669 Burns 1908, §630 R. S. 1881, does not prevent appellant from afterwards perfecting the appeal under the general provisions of the practice act. p. 176.

10. APPEAL.—*Review.*—When it appears on appeal that the ends of justice will best be served by granting a new trial, the court will grant a new trial rather than to render judgment in favor of the appellant. p. 177.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Petition and application by William A. Curry and Mary S. Wiecking for revocation of letters of administration granted to Charles H. Plessinger on the estate of David Franklin Curry, deceased, and for the granting of such letters to the petitioners. From a judgment against the petitioners, said petitioners appeal. *Reversed.*

*Eichhorn & Vaughn,* for appellants.

*Jacob F. Denny, Abram Simmons* and *Frank C. Dailey,* for appellee.

HOTTEL, J.—This appeal is from a judgment of the court below, rendered in the matter of a petition under oath filed by appellants, asking the revocation of letters of administration issued by the court to appellee, accompanied by a sworn application of appellants to be themselves appointed to administer on the estate involved.

The transcript of the record discloses that on September 20, 1910, appellee filed in the Wells Circuit Court an application for letters of administration on the estate of David F. Curry, deceased. Said application was in the usual and ordinary form under oath, and showed that said decedent died on September 16, 1910, intestate, leaving a personal estate of $12,000. Said application was accompanied by bond, and said letters were issued and confirmed by the court

on September 20, 1910. On September 21, 1910, appellants filed their joint petition under oath, asking the revocation of said letters, and accompanied the same with their verified application for letters of administration to be issued to them.

Said petition, application, and record entry showing the filing of the same, are set out in the transcript, and we here set out said record entry and said petition.

"In Re Estate of
David Franklin Curry, deceased.

Comes now Charles H. Plessinger, administrator in this behalf, by his attorneys, and come also William A. Curry and Mary S. Wiecking, by their attorneys and file their petition to revoke the letters of administration issued herein to Charles H. Plessinger, which petition is in the words and figures following, to wit:

State of Indiana,
County of Wells, ss.

Wells Circuit Court,
Sept. term, 1910.

Petition by William A. Curry & Mary S. Wiecking to revoke letters hereto granted.

In Re the estate of
David F. Curry, deceased.

To the Honorable Charles E. Sturgis, Judge of the Wells Circuit Court:

The undersigned, William A. Curry and Mary S. Wiecking, being each duly sworn, respectfully show to the court that David F. Curry, deceased, departed this life on the 16th day of September, 1910, intestate, as they believe, and leaving a personal estate in Wells county, Indiana, of the probable value of $10,000.00; that said decedent was at the time of his death a resident of said Wells county, Indiana; that said David F. Curry left no parents, wife or children surviving him; that affiant William A. Curry is the son of a deceased brother of the deceased father of said David F. Curry, and that the affiant, Mary S. Wiecking, is the daughter of deceased brother of said David F. Curry; that both of the affiants are related in the degree of cousin to said decedent; that neither of them has at any time relinquished his right to administer upon the estate of

said decedent and that each of them is an heir at law of said decedent; that on the 20th day of September, 1910, without any notice to either of these affiants and without their knowledge, one Charles H. Plessinger filed in the office of the clerk of the Wells Circuit Court, and caused to be presented to the Judge of the Wells Circuit Court an application for letters of administration upon the estate of said decedent, and filed therewith his bond in the sum of $40,000.00, and that thereupon letters of administration were issued to Charles H. Plessinger and said letters so issued were confirmed by the Judge of the Wells circuit court, and that affiants are informed that said Charles H. Plessinger was sworn to faithfully discharge the duties of his trust as such administrator. Affiants further show that said Charles H. Plessinger was not in any manner related to the decedent within any degree, is not an heir of said decedent, is not a legatee and is in no wise interested in the estate of said decedent, but is an entire stranger thereto. Affiants further say and show that they are desirous of taking upon themselves jointly the administration of the estate of said decedent and have prepared and herewith present their application for letters of administration upon said estate together with a good and sufficient bond.

Affiants therefore ask the court to set aside and revoke said letters heretofore granted and issued to said Charles H. Plessinger, and to grant letters of administration to these affiants and to order that the same be issued and to confirm such letters of administration upon the estate of said David F. Curry, deceased, to these affiants.

William A. Curry.
Mary S. Wiecking.

Subscribed and sworn to before me, this 21st day of September, 1910.

W. H. Eichhorn,
Notary Public.

\*   \*   \*   \*

The said William A. Curry and Mary S. Wiecking file their application for letters of administration in this behalf, together with the written consent of Ernst Wiecking, husband of said Mary S. Wiecking, to her appointment as such administratrix, and their bond as such administrators, which application, consent and bond are in these words, to wit."

Then follows the application of appellants for letters of administration on said estate, which avers substantially the same facts set out in the above petition, and alleges, in addition, that applicants had no notice or knowledge of appellee's application for said letters, or of his appointment and confirmation prior to September 21, 1910, and asks the court that letters of administration be issued to them *jointly*.

Then follows a copy of the writing signed by Ernest Wiecking, husband of Mary S., consenting to such appointment, and also a bond in the sum of $20,000, signed by two sureties.

The transcript discloses no demurrer or answer of any kind filed to said petition and application, and no further pleadings or proceedings had in said matter, except the following:

"In Re estate of
David Franklin Curry, deceased.

Comes now Charles H. Plessinger, administrator in this behalf, and come also William A. Curry and Mary S. Wiecking, by counsel, and in person, and the court being fully advised in the premises, overrules the motion of the said William A. Curry and Mary S. Wiecking to revoke the letters of administration issued in this behalf to Charles H. Plessinger, to which ruling the said William A. Curry and Mary S. Wiecking separately except. The application of the said William A. Curry and Mary S. Wiecking for letters of administration of the estate of David Franklin Curry, deceased, is hereby overruled by the court, and such letters of administration are denied, to which ruling the said applicants separately except. It is therefore ordered, adjudged and decreed by the court that the motion of the said William A. Curry and Mary S. Wiecking to revoke the letters of administration issued herein to Charles H. Plessinger be, and the same hereby is, overruled, and that the application for letters of administration of the estate of David Franklin Curry, deceased, filed herein by the said William A. Curry and Mary S. Wiecking be, and the same hereby is refused and the said letters of administration are hereby denied; and that the costs accrued in this behalf occasioned by said motion to revoke letters and said application for letters of administration, be, and the

same hereby are, taxed against the said William A. Curry and Mary S. Wiecking. The said William A. Curry and Mary S. Wiecking now give notice that the action of the court in overruling their motion to revoke letters and in refusing their application for letters of administration of the estate of David Franklin Curry, deceased, is reserved as a question of law, under section 669, Burns' R. S. 1908 [§630 R. S. 1881], and request the court to direct the bill of exceptions to be so made that it will distinctly and briefly present the questions so reserved to the court on appeal.''

A motion for a new trial was filed and overruled, and exceptions saved. A bill of exceptions was filed in the case which is set out in the transcript, and contains the record entries, showing the application and appointment of appellee, and the confirmation thereof, and his qualification thereunder, and the petition and application of appellants, and the court's refusal to revoke appellee's letters, and refusal to appoint appellants, and other record entries and the judgment above set out, and contains the following further statement: ''That said Charles H. Plessinger, on said 21st day of September, 1910, duly appeared in said court to said application to revoke letters and to said petition and application of said William A. Curry and Mary S. Wiecking, for letters of administration on said estate. That thereupon said application to revoke and the petition of said William A. Curry and Mary S. Wiecking to be appointed administrator of said estate was continued, by agreement of said Charles H. Plessinger and said William A. Curry and Mary S. Wiecking from day to day in said court, until October 7th, 1910, the same being the 29th juridical day of said term of said court. The Wells Circuit Court then and there fixed the 7th day of October, 1910, by agreement of all the parties, the same being the 29th juridical day of said term, for the hearing of said petition to revoke said letters of administration and the petition of William A. Curry and Mary S. Wiecking to be appointed administrator and administratrix of said estate. And be it further remembered, That on the 7th day of

October, 1910, the same being the 29th juridical day of said term, said Charles H. Plessinger, administrator of said estate, duly appeared in the Wells Circuit Court by himself and counsel, Abram Simmons, Frank C. Dailey and Jacob F. Denny and the said William A. Curry and Mary S. Wiecking duly appeared in person and by counsel, Eichhorn & Vaughn, and argument was heard in open court on said petition to revoke letters, *and no evidence of any kind whatever was heard or offered in support of said petition.* And the said Charles H. Plessinger, administrator of said estate, filed no pleading and filed no answer to said petition to revoke said letters nor pleading of any kind in said proceeding to revoke said letters of administration issued to said Charles H. Plessinger.''

This bill of exceptions then shows the ruling of the court made on said petition and application on October 11, 1910, and the judgment thereon substantially as above set out.

The errors assigned are as follows:

(1)   The court erred in overruling appellants' petition to revoke the letters of administration issued to Charles H. Plessinger as administrator of the estate of David F. Curry.

(2)   The court erred in overruling appellants' petition for letters of administration on the estate of David F. Curry, deceased.

(3)   The court erred in refusing to revoke the letters issued to Charles H. Plessinger, administrator of the estate of David F. Curry, deceased.

(4)   The court erred in refusing to grant letters of administration on the estate of David F. Curry, deceased, to William A. Curry and Mary S. Wiecking.

(5)   The court erred in overruling appellants' motion for a new trial.

It is earnestly insisted by appellee that the questions presented by the assigned errors cannot be considered by this court, because the special bill of exceptions saving the questions so relied on as errors expressly shows that appellants

introduced no evidence on their said petition and application.

We are unable to find in any previous decision of this court or the Supreme Court a case where the question has been presented in the manner it is here presented. We are inclined to agree with the position taken by appellee, to the extent of holding that inasmuch as there is no evidence in the record, this court has nothing on which to predicate an opinion on the question of whether the court below erred in refusing to revoke appellee's letters, or in refusing to grant letters to appellants. Even if it should be conceded, as appellants contend, that their sworn petition and application, in the absence of any answer to the same, should be taken as confessed, a question which we deem unnecessary to decide, in view of the conclusion we have reached in the case, appellants would not be greatly helped by such concession.

Appellants' petition and application are joint. Their assignment of error is joint. The questions presented by the first, second, third and fourth errors assigned therefore challenge the ruling of the court in refusing to revoke the letters issued to appellee, and appoint said applicants *jointly* to administer on said estate.

1. In the case of *Shrum* v. *Naugle* (1899), 22 Ind. App. 98, 100, 53 N. E. 243, this court expressly held that whether or not a coadministrator should be appointed, is discretionary with the court.

2. See, also, *Wallis* v. *Cooper* (1890), 123 Ind. 40, 23 N. E. 977. In the absence of evidence showing an abuse of such discretion, this court could not say any error was committed by the court's refusing such appointment. The sworn petition and application, if taken as true, make no such showing. There being no evidence in the

3. record, we are of the opinion that no available error is presented by assignments one, two, three and four, *supra*.

The fifth error assigned calls in question the ruling of the

court on appellants' motion for a new trial. This ruling of the court presents a more serious question. The first ground of this motion is: ''The decision of the court is not sustained by sufficient evidence.''

Appellee's position as to the effect of the showing made by the bill of exceptions, that *no evidence was offered or heard in the case, ceases to avail him anything when applied to the question now involved.* In fact, in view of the express holdings of this court and the Supreme Court, appellee's argument that there is no evidence before this court from which it can determine whether appellee's appointment should be revoked and appellants appointed is equally applicable to the action of the lower court. By the express showing of the lower court, it heard no evidence and had none before it by which it could determine the same question. If this were the ordinary case it might be said that this was appellants' fault, and that they cannot take advantage of their own neglect to offer such evidence. But this is not an ordinary proceeding, and is not controlled and governed by the ordinary rules of procedure. *Cooper* v. *Cooper* (1909), 43 Ind. App. 620-623, 88 N. E. 341; *Toledo, etc., R. Co.* v. *Reeves* (1894), 8 Ind. App. 667, 35 N. E. 199.

The matter of the appointment of an administrator of the estate of a deceased person is controlled by statute.

Section 2742 Burns 1908, Acts 1901 p. 281, provides: ''At any time after the death of an intestate the proper clerk or court *having examined the person applying for letters, and such persons as may be deemed proper to be examined, under oath,* * *, * whether he left a will and *concerning the qualifications of such persons,* and there being no such will, shall grant letters of administration in their order. First: To the widow or widower. Second: To the next of kin. Third: To the largest creditor applying and residing in the state.'' (Our italics.)

Under this statute, and the express holdings of this court

and the Supreme Court construing the same, the filing by appellants of their said petition and application imposed on the court the duty of examining the applicants and such other persons as it deemed necessary touching the qualifications of applicants, etc.

This petition and application show that decedent died September 16, 1910, and that appellee was appointed September 20, 1910; that appellants filed their application September 21, 1910; that appellee was a stranger to decedent, neither next of kin nor a creditor, and that appellants are cousins of decedent and heirs of said estate. It has been held by our Supreme Court that the above section *"commands, not directs merely,* that letters shall be granted to the next of kin," where the application is made within the time provided by statute. (Our italics.) *Hayes* v. *Hayes* (1881), 75 Ind. 395; *Cooper* v. *Cooper, supra; Andis* v. *Lowe* (1894), 8 Ind. App. 687, 690, 34 N. E. 850; *Shrum* v. *Naugle, supra; Jones* v. *Bittinger* (1887), 110 Ind. 476, 11 N. E. 456.

This court in the case of *Cooper* v. *Cooper, supra,* at p. 623, said: "The point is made by appellee that the appellant's written application for letters fails to show his qualification and competency, and that to entitle him to letters these should appear. The statute upon the subject does not prescribe any precise form in which the application shall be made, and does not even require that the application shall be in writing. *It does require that the court shall examine, under oath, the person applying, touching the time and place of the death of the intestate, whether he left a will, and concerning the qualifications of the applicant. We think that the application filed by the appellant was sufficient to call upon the court to entertain the application and examine the appellant as to his qualifications."* (Our italics.)

In the case of *Croxton* v. *Renner* (1885), 103 Ind. 223, 2

N. E. 601, the Supreme Court said: "Whenever the court has issued letters of administration, which are not authorized by, but directly contravene, the express provisions of the statute, such court may, of its own motion, or upon the application of any person interested, or upon the suggestion of an *amicus curiae* revoke, annul or set aside the letters so issued."

Under these authorities, the verified petition and application filed in this case were enough to put upon the court the necessity of examining appellants or hearing some evidence on which to predicate its judgment in said case, and, having determined the case without hearing any evidence, the court should have sustained appellants' motion for a new trial.

On account of the error of the lower court in overruling said motion, the judgment of said court is reversed, with instructions to such court to grant a new trial, and for further proceedings not inconsistent with this opinion.

## On Petition for Rehearing.

Hottel, J.—Appellee urges that a rehearing should be granted in this case, and as grounds therefor insists (1) that the appeal was taken under §669 Burns 1908, §630 R. S. 1881, presenting a reserved question of law, and that under such an appeal a consideration of the evidence is not proper; (2) that the appellant waived the point on which the decision was reversed; (3) that the opinion is wrong even on the merits of the question presented by the appeal.

On the first ground of the petition, it is sufficient to say, that while it is true that the record discloses that appellants first notified the court that they would appeal on a reserved question of law under §669, *supra,* the record further discloses that after such notice and the filing of the bond perfecting such appeal, and within the time allowed by the statute, appellants filed their motion for new

trial of said case which was by the court overruled and an appeal prayed, and time was again given in which to file bond, and the second bond was filed and appeal perfected thereunder.

The mere fact that appellants had notified the court of their intention to perfect an appeal, presenting a reserved question of law, did not prevent them from afterwards perfecting their appeal under the general provisions of the practice act, which they did in this case. This is expressly decided by this court in the case of *McKendry* v. *Sinker, Davis & Co.* (1891), 1 Ind. App. 263, 27 N. E. 506.

In answer to the second ground of this petition we submit that one of the errors relied on for reversal by appellants was that "the court erred in overruling appellants' motion for a new trial." Under their points and authorities, appellants cited the section of the statute which provides for an appointment of an administrator, and which imposes on the court the duty of examining the applicant for letters. Appellee in his brief also presented the question to the court as follows: "The transcript, page 21, lines 26 to 28 and page 22, lines 17 to 21, shows that no evidence of any kind whatever was heard or offered or introduced either in support of the petition to revoke letters, or the petition for letters." Thus it will be seen that if appellants had in no manner presented the question, appellee in his brief presented the matter to this court in such a way that the court was bound to know that the lower court had acted on appellants' petition in violation of the terms of the statute, *supra*, which required it to examine the applicant under oath. Under such circumstances, it was apparent that the ends of justice would best be served by granting a new trial, and when such fact appears, it is the duty, and has always been the rule of the court, to grant a new trial, rather than to render judgment in favor of the appealing party.

We see no reason for changing the original opinion on the

merits of the question presented. We think the conclusion reached is amply supported by the authorities therein cited.

Petition for rehearing overruled.

NOTE.—Reported in 96 N. E. 190, 97 N. E. 124. See, also, under (1, 3) 18 Cyc. 114; (2) 3 Cyc. 164; (4, 5) 18 Cyc. 124; (6) 18 Cyc. 86; (7) 18 Cyc. 151; (8) 18 Cyc. 124, 168; (10) 3 Cyc. 455. As to the grounds effective for the removal of an executor or administrator, see 138 Am. St. 525.