HOLTZ ET AL. *v.* MERCANTILE TRUST AND SAVINGS COMPANY, ADMINISTRATOR, ET AL.

[No. 7,780. Filed January 9, 1913. Rehearing denied March 28, 1913.]

1 APPEAL.—*Record.—Precipe.*—Only such papers and entries as are designated in the precipe are a part of the record on appeal. p. 198.

2. APPEAL.—*Record.—Bill of Exceptions.—Precipe for "Original Copy."*—Where the precipe directed the clerk to insert in the transcript the "original copy of the bill of exceptions," and the clerk's certificate shows that "the original bill of exceptions" is

incorporated into the transcript, the bill of exceptions is properly in the record under §657 Burns 1908, Acts 1897 p. 244, since it is apparent that the precipe called for the original bill of exceptions and not for a copy of such original bill.   p. 199.

3. EXECUTORS AND ADMINISTRATORS. — Appointment. — Review. — While §2737 Burns 1908, Acts 1901 p. 281, is mandatory in its provision that the widow or next of kin of a decedent, if qualified, shall be appointed as administrator if application for such appointment is made within twenty days from the death of the decedent, after the lapse of such twenty days, if no appointment has been made and a necessity therefor exists, the court is given a discretionary power by subd. 4 of said section to appoint any competent person of the county, and the exercise of such power will not be disturbed on appeal unless there has been a clear abuse thereof.   p. 199.

4. EXECUTORS AND ADMINISTRATORS. — Appointment. — Rights of Creditors.—A creditor of a decedent's estate has a right to demand that an administrator shall be appointed and that the estate shall be settled in the mode prescribed by statute, even though there may be no great necessity for such appointment. p. 200.

5. EXECUTORS AND ADMINISTRATORS.—Appointment.—Annulment of Letters.—The fact that the heirs of a decedent, after the appointment of an administrator for his estate, paid the amount of a judgment, the only debt of decedent, into the court in which it had been rendered, could not operate to take from the court appointing the administrator the power to make such appointment, or compel the annulment of the letters issued, but was a fact for the consideration of such court in the exercise of its discretionary power.   p. 200.

From Vanderburgh Circuit Court; *A. C. Hawkins,* Judge *Pro Tem.*

Action by Louisa Holtz and others against the Mercantile Trust and Savings Company, administrator with the will annexed of the estate of Ferdinand Holtz, deceased, and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*DeWitt Q. Chappell,* for appellants.
*Joel E. Williamson,* for appellees.

FELT, J.—This is a proceeding brought by the appellants to set aside the appointment of the appellee, Mercantile

Trust and Savings Company as administrator with the will annexed of the estate of Ferdinand Holtz, deceased, and to revoke the letters of administration issued to it. The appeal has heretofore been dismissed as to Joel E. Williamson, who was joined as an appellee.

The facts material to the questions in issue, are in substance as follows: Ferdinand Holtz died testate at Vanderburgh County, State of Indiana in October, 1907, and his will was duly admitted to probate. Prior to his death a judgment was rendered against him in the Warrick Circuit Court for the sum of $1,297.45 in favor of one J. Wilfred Gaidry, from which judgment an appeal was taken to the Supreme Court. The cause was thereafter transferred to this court and in the year 1910, the judgment was affirmed. Said Ferdinand Holtz owned and conducted a foundry in the city of Evansville and while said appeal was pending said business was incorporated under the name of "The F. Holtz Company" and was owned and operated by said Holtz and his children; that said corporation assumed the payment of said judgment; that on March 8, 1910, after said judgment had been affirmed, one Breidenbach began suit against said Gaidry in the Warrick Circuit Court and caused a writ of attachment and garnishment to be issued and served upon the "F. Holtz Company" and the widow and children, heirs at law of said Ferdinand Holtz, deceased, and the bondsmen of said Holtz in said appeal, for the purpose of securing the application, upon a debt alleged to be due from said Gaidry, of the amount due from said Holtz upon the aforesaid judgment; that on March 12, 1910, one Joel E. Williamson who was the attorney for said Gaidry, filed in the Vanderburgh Circuit Court an application for the appointment of an administrator of the estate of said Ferdinand Holtz, deceased, and in his petition alleged that said decedent died at said county in 1907, leaving a personal estate of the value of $2,500; that said judgment of $1,297.45 was unpaid; that said Williamson filed and held a lien upon

said judgment for the sum of $500 for attorney's fees; that there has been no administration or settlement of said estate; that said judgment had been assigned to one Cadiere. Prayer that the court appoint an administrator; that thereupon the court on said day appointed the appellee, Mercantile Trust and Savings Company as administrator with the will annexed of the estate of said Holtz, deceased; that on March 22, 1910, appellants filed in the Vanderburgh Circuit Court their petition to revoke the letters and set aside the appointment of said administrator and in said petition averred that the will of said decedent had been duly probated and thereafter the widow and children of said decedent (all of full age) made a family settlement of all the business, property and estate of said decedent and paid in full all the debts of said estate except said judgment; that said decedent in his lifetime appealed from said judgment and gave a bond for the payment thereof to the approval of the court; that said bond was good and solvent and the sureties thereon are still solvent; that after the affirmance of said judgment such proceedings were had in the Warrick Circuit Court in the pending suit aforesaid, that the amount due upon said judgment from said Ferdinand Holtz, deceased, was fixed at $1,562.54, and on March 21, 1910, that amount was paid to the clerk of the Warrick Circuit Court by said garnishee defendants to be held by the clerk until the further order of the court, pending the determination of the proceedings of said Breidenbach against said Gaidry; that appellants offered to pay and stood ready to pay any costs which the court should adjudge due from them; that said widow and her son, Henry Holtz, reside in Vanderburgh County, in the State of Indiana, are over twenty-one years of age and competent to act as administrator with the will annexed of said estate; that there is no necessity or occasion for the appointment of any administrator, but if the court should decide that one should be appointed, they ask that the letters issued to appellee be annulled and that letters be

issued to said Henry and Louisa Holtz. The court, after hearing the testimony, found for the appellee and against the appellants and refused to annul the letters of administration with the will annexed issued to appellee, to which the appellants duly excepted and it was thereupon adjudged that the further proceedings in said estate be stayed pending this appeal.

The appellants filed a motion for new trial in which they alleged among other things that the finding and decision of the court was not sustained by sufficient evidence; that the decision of the court was contrary to law; that the court erred in granting letters of administration with the will annexed to appellee and also erred in refusing to grant letters of administration with the will annexed to said Louisa and Henry Holtz; that there was not at the time of the issuing of said letters nor is there now any necessity or reason for the issuance of letters upon the estate of said Holtz, deceased. This motion was overruled, an appeal prayed and granted and error assigned under twenty-four specifications. The assignment of errors is sufficient to present the question of the alleged error of the court in appointing appellee and in refusing to set aside said appointment and to appoint the said son and widow as administrators with the will annexed of the estate of said decedent.

Before passing upon the questions raised by the assignment of errors, we note the contention of the appellee that the bill of exceptions containing the evidence is not in the record. The precipe directed the clerk "to insert in the transcript the original copy of the bill of exceptions" and the clerk's certificate shows that "the original bill of exceptions" is incorporated into the transcript. It is insisted by appellee that the precipe calls for a copy and the certificate shows that the original bill of exceptions is certified to this court. Only such papers and entries as are

1.  designated in the precipe are a part of the record on appeal. *Johnson* v. *Johnson* (1901), 156 Ind. 592, 60

N. E. 451; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447, 451, 67 N. E. 229; *Berry* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 668, 64 N. E. 82.  By §657 Burns 1908, Acts 2. 1897 p. 244, the original bill of exceptions containing the evidence is sufficient on appeal when duly certified and the only question here is whether the precipe calling for "the original copy" means a copy or the original.  The use of the word "copy" in this connection is not commendable as tending to clearness of expression, but considered in connection with the word "original" we think it is apparent that the precipe calls for the original bill of exceptions containing the evidence and not for a copy or secondary instrument made from the original.  Furthermore Acts 1903 p. 338, §7, §667 Burns 1908, authorizes the use of either the original or a copy.

The petition to set aside the appointment of appellee and annul the letters issued to it, and requesting the appointment of the widow and son of the decedent, shows that a family settlement had been made; that all the debts of the deceased had been fully paid except the judgment in favor of Gaidry, the payment of which had been provided for; that since the appointment of appellee the amount of said judgment had been paid to the clerk of the Warrick Circuit Court.  It also appears that at the time of appellee's appointment more than two years had expired since the death of Ferdinand Holtz, deceased.  The petition does not allege that Louisa and Henry Holtz are named in the will as executors, legatees or in any capacity whatever.  It is averred that said Louisa is the widow, and said Henry and their coappellants are the children and only heirs at law of said decedent.

It is apparent that on the facts alleged their right to appointment, if any they have, depends on §2742 Burns 1908, Acts 1901 p. 281, and not on the section relating 3. to executors named in the will (§2737 Burns 1908, §2222 R. S. 1881), or to residuary and specific legatees (§2741 Burns 1908, §2226 R. S. 1881).  Where the widow

or next of kin applies for letters of administration within twenty days from the death of the decedent, and shows proper qualifications, the statute is mandatory and the court has no discretionary power, but after the lapse of twenty days any competent person of the county may be appointed when there is any necessity for administration. *Bowen* v. *Stewart* (1891), 128 Ind. 507, 514, 26 N. E. 168, 28 N. E. 73; *Hayes* v. *Hayes* (1881), 75 Ind. 395, 397. But subd. 4, §2742, *supra*, gives the court discretionary power after twenty days have elapsed from the death of the decedent, and an appointment thereafter made, where any necessity therefor is shown, will not be disturbed on appeal unless there has been a clear abuse of the power of the court in making such appointment, or in refusing to set the same aside. *Shrum* v. *Naugle* (1899), 22 Ind. App. 98, 53 N. E. 243; *Wallis* v. *Cooper* (1890), 123 Ind. 40, 23 N. E. 977; *Andis* v. *Lowe* (1894), 8 Ind. App. 687, 34 N. E. 850; *Toledo, etc., R. Co.* v. *Reeves* (1894), 8 Ind. App. 667, 35 N. E. 199. From our viewpoint there does not seen to have been any great necessity for appellee's appointment. However, the undisputed fact remains that a debt of the decedent was outstanding and unpaid when the appointment was made. In *Bowen* v. *Stewart, supra,* on page 516, the court said: "So long as there are debts against the estate the heirs cannot maintain an action to recover the assets. So, too, so long as there is a single creditor he has a right to demand that the estate shall be settled in the mode prescribed by the statute, and that the person handling the assets shall give bond securing the proper application of the funds that may come into his hands." The trial court after a full hearing, refused to set aside the appointment of appellee and to make any other appointment. The family settlement, the provision for the payment of the judgment in question, or its payment after appellee was appointed, could not operate to take from the court the power to make the appointment or compel the annulment

of the letters issued. In exercising its discretionary power the court could consider such facts, but having done so and sustained the original appointment and refused to appoint the widow and son of decedent on their later application, we cannot say the court abused its power or that its decision was without warrant of law.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 398. See, also, under (1) 2 Cyc. 1053; (2) 3 Cyc. 98; (3) 18 Cyc. 84, 125; (4) 18 Cyc. 119; (5) 18 Cyc. 152. As to removal of executors and administrators and the grounds therefor, see 138 Am. St. 525.